## Commonwealth v. Wickett, Appellant.

*Evidence—Witness—Contradiction of party's witness.*

The rule that a party calling a witness is not permitted to ask leading questions and is bound by his testimony, is liberally construed in modern practice, and while it is still the general rule that it is not competent for a party to prove that a witness whom he has called and whose testimony is unfavorable to his cause had previously stated the facts in a different manner, yet exceptions to this general rule must be permitted to prevent a failure of justice.

When a party has been misled as to what a witness will testify by a preliminary examination, he may lay the ground for contradicting the witness by a cross-examination, and subsequently contradict him by other witnesses.

On a criminal prosecution for forgery of a promissory note the person whose name was signed to the note was called by the commonwealth and testified that he had signed it. He admitted, however, that when first asked regarding the note, he asserted that the signature was not his, and that he had not given the note, but upon cross-examination claimed that he had subsequently notified the prosecutor by telegram and by letter, that he was mistaken in his first declaration denying the execution of the note. *Held*, that the commonwealth was entitled to contradict the witness by proof of his statements made to the commonwealth's attorney on the eve of the trial, to the effect that he had not signed the note.

*Criminal law—Arrest of judgment—Evidence—Practice.*

A motion in arrest of judgment is not the proper mode to raise a question as to the sufficiency of the evidence.

Argued April 14, 1902. Appeal, No. 20, Jan. T., 1903, by defendant, from judgment of Q. S. Bradford Co., Sept. T., 1900, No. 25, on verdict of guilty in case of Commonwealth v. A. L. Wickert. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for forging a promissory note. Before FANNING, P. J.

From the record it appeared that the defendant was indicted for forging the name of David G. Boyer to a promissory note.

Boyer was called by the commonwealth and testified that he had signed the note. When M. J. Murphy was on the stand, the following question was asked:

" Q. Were you present in my office in February last when the question was asked Mr. Boyer if he wrote that name to that note? A. I was. Q. What did he say? A. He said he did not. Q. Did you hear me ask him at that time whether or not he authorized any one to sign his name, and what did he say? A. He replied that he did not, in that case. Q. When did he say, at any time in conversation with you, that he first saw or knew of that note? A. When he first saw or knew of it? Q. Yes, sir. A. Well, it was first—I think it was in January I was in Philadelphia and subpœnaed him for February court; that was the first time I had ever seen him, and he said at that time he was very much surprised that Mr. Wickert would do it."

Mr. Mercur: Counsel for defendant now move the court to strike out all the testimony of the witness relative to the alleged declarations and statements made to him by . . . . David G. Boyer, on the ground that they are incompetent to affect the defendant in this case, and that they are irrelevant, immaterial and hearsay.

Mr. Maxwell: We object, that the same is competent and material and relevant for the purpose offered.

The Court: We refuse to strike out the testimony. Bill sealed. [1]

F. H. Sherman was asked this question:

" Q. What if anything did he (Boyer) say to you about the other note; about Mr. Brewer, or about seeing Mr. Brewer?"

Objected to.

Mr. Maxwell: This is for the purpose of contradicting and affecting his credibility.

Mr. Mercur: We object to it, as incompetent, irrelevant and hearsay.

Mr. Maxwell: " Q. Did Mr. Brewer (Boyer) say to you in that conversation while there that you had better arrest Wickert before you saw Brewer, as Brewer was a son of a bitch, and a great friend of the defendants, and he would notify Wickert, if you saw him first, and he would get away?"

Mr. Mercur: We object to the question as leading, incompe-

tent, irrelevant and immaterial to the issue in this case, and as being hearsay, and an atempt to contradict their own witness

Objection overruled. Defendant excepts. Bill sealed for defendant. [2]

Mr. Maxwell: "Q. Answer the question. A. I went there— Q. Just answer the question. A. He did say words to that effect."

M. J. Murphy was asked this question:

"Q. Were you in my office yesterday when I was talking with Mr. Boyer in relation to this note and his signature? A. I was. Q. What did he say as to whether the signature to that note, 'Exhibit 29,' was in his handwriting or not?"

Mr. Mercur: What is the purpose of that?

Mr. Maxwell: This is for the purpose of affecting the credibility of Mr. Boyer as a witness.

Mr. Mercur: We object to it, as incompetent, irrelevant and inadmissible.

Objection overruled. Defendant excepts. Bill sealed for defendant. [3]

Mr. Maxwell: "Q. What is your answer to that? A. He said, and repeated several times that it was not in his handwriting; that that signature was not in his handwriting; that was his language."

Claude L. Coon, a witness called on behalf of the commonwealth, was asked these questions:

"Q. Were you in my office yesterday when Mr. Maynard and I were talking with this man, David G. Boyer? A. I was. Q. Did you hear some of the conversation? A. Yes, sir. Q. Did you hear the question asked Mr. Boyer whether or not the signature to a certain note was in his handwriting or not? A. I did. Q. The note in dispute? A. Yes, sir. Q. What was the answer to it?"

Objected to.

Mr. Maxwell: This offer is for the purpose of affecting the credibility of the witness, David G. Boyer.

Mr. Mercur: We object to it, as incompetent, irrelevant and immaterial.

Objection overruled. Defendant excepts. Bill sealed for defendant. [4]

Mr. Maxwell: "Q. What was his answer to it. A. He said it was not his handwriting."

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions. (5) In overruling a motion in arrest of judgment.

*Rodney A. Mercur,* with him *J. T. Corbin,* for appellant.— The evidence offered to contradict Boyer was inadmissible: Stearns v. Merchants' Bank, 53 Pa. 492; Stockton v. Demuth, 7 Watts, 39; Southwark Ins. Co. v. Knight, 6 Wharton, 330; McDermott v. Hoffman, 70 Pa. 52; Penna. R. R. Co. v. Fortney, 90 Pa. 328; Fisher v. Hart, 149 Pa. 232; Gantt v. Cox & Sons Co., 199 Pa. 208; Gray v. Hartman, 6 Pa. Superior Ct. 195; Eastern Lumber Co. v. Gill, 9 Pa. C. C. Rep. 630; Dickson's Est., 20 Pa. C. C. Rep. 152.

*L. T. Hoyt,* with him *H. F. Maynard* and *William Maxwell,* for appellee.—The commonwealth was entitled to contradict Boyer: Fisher v. Hart, 149 Pa. 232; Cowden v. Reynolds, 12 S. & R. 281; Com. v. Lamberton, 2 Brewster, 565; Bank of the Northern Liberties v. Davis, 6 W. & S. 285; McNerney v. Reading, 150 Pa. 611; DeLisle v. Priestman, 1 Browne, 176; Harden v. Hays, 9 Pa. 151; McKee v. Jones, 6 Pa. 425; Sharp v. Emmett, 5 W. H. 288; Kay v. Fredrigal, 3 Pa. 221; Smith v. Price, 8 Watts, 477; Craig v. Craig, 5 Rawle, 91; Gray v. Hartman, 6 Pa. Superior Ct. 195; Com. v. Marrow, 3 Brewster, 402; Gantt v. Cox & Sons Co., 199 Pa. 208; Smith v. Briscoe, 65 Md. 561; Elmer v. Fessenden, 154 Mass. 427; George v. Triplett, 5 N. D. 50; 63 N. W. Repr. 891.

OPINION BY RICE, P. J., May 22, 1902:

The defendant was charged with the forgery of a promissory note purporting to have been signed by one Boyer. On the trial of the case Boyer was called as a witness by the commonwealth and testified that the note was signed by him. He admitted, however, that when first asked regarding the note, he asserted that the signature was not his, and that he had not given the note, but upon cross-examination claimed that he had subsequently notified the prosecutor by telegram and by letter

that he was mistaken in his first declaration denying the execution of the note. The commonwealth then offered and was permitted to contradict the witness by proof of his statements made to the commonwealth's attorney on the eve of the trial, to the effect that he had not signed the note. It is to be observed that this was after the sending of the letter and telegram above referred to. The question raised by the several assignments of error is as to the competency of this testimony.

The rule that a party calling a witness is not permitted to ask leading questions and is bound by his testimony, is liberally construed in modern practice (Gantt v. Cox, 199 Pa. 208), and while it is still the general rule that it is not competent for a party to prove that a witness whom he has called and whose testimony is unfavorable to his cause had previously stated the facts in a different manner, yet, exceptions to this general rule must be permitted to prevent a failure of justice, and accordingly such exceptions have been recognized in the adjudicated cases in Pennsylvania. In Cowden v. Reynolds, 12 S. & R. 281, Chief Justice TILGHMAN said, " and hard indeed, would be the case of one who calls a witness, expecting that he would swear the truth, if, upon finding himself deceived, he may not show that the witness had told a different story at another time." So in Bank of the Northern Liberties v. Davis, 6 W. & S. 285, ROGERS, J., said : " That the court which tries the cause, should have the power to depart from the ordinary rule in certain cases, is absolutely necessary to prevent a failure of justice ; for frequently a party may be compelled to call a witness known to be in the interest of the adverse party, or he may, by artifice and fraud, be entrapped into his examination. As for example, a witness tenders himself ready to prove a fact pertinent to the issue, and when placed on the stand proves directly the reverse, or prevaricates in such a manner as to give the whole advantage to the antagonist party, and this perhaps in concert and by the procurement of the adverse party. In such cases, and others of similar kind, the court before whom the cause is tried has always, in the exercise of a sound discretion, allowed the party calling him to prove that at different times and in the presence of other persons, he has held different language. This, however, is not substantive evidence of itself, but is permitted to neutralize the evidence given by the wit-

ness." These and many other cases to the same effect are cited and reviewed in the concurring opinion filed by Mr. Justice THOMPSON in Stearns v. Merchants' Bank, 53 Pa. 490. It is urged, however, that under the rule adopted by the majority of the court in that case, the evidence under consideration in the present case should have been excluded. In this construction of the decision we cannot concur. There the evidence was rejected properly because it did not appear clearly that the party calling the witness had been misled. This sufficiently appears in the report of the facts of the case and is pointed out in the opinion of THOMPSON, J., at page 499. The device of calling a witness whom the party is not compelled to call for the purpose of getting before the jury his contradictory statements made on other occasions cannot be allowed to succeed : Smith v. Price, 8 W. 447. The case we have before us is not of that kind. Nor is it a case where the party calling the witness omitted to inform himself as to what his testimony would be. Although the witness did not in so many words say to the attorneys that he would testify on the trial that was about to take place that he did not sign the note, yet he must have known that he was being examined by them for the purpose of ascertaining what he would testify to and it is sufficiently clear that they put him on the stand in the reasonable belief that his testimony would be in accordance with the statements made to them. If the commonwealth had not called him the jury would naturally have drawn an inference unfavorable to the prosecution. But granting that the commonwealth was under no legal compulsion to call him, yet, having called him in the reasonable belief that he would testify that he had not signed the note, such belief being founded upon his statements to her counsel, the interests of justice required that she should be permitted to neutralize the evidence given by the witness by proof of his contradictory statements. The admissibility of such evidence has been recognized in later cases.

The right of the party thus misled by a witness called by him is not confined to putting leading questions to him nor to a disproof by other evidence of the facts testified to by him. The precise question arose in our own case of Gray v. Hartman, 6 Pa. Superior Ct. 195, and was thus stated by our Brother BEAVER : " Can a party who has called a witness lay the ground

for contradicting him by a cross-examination and subsequently contradict him by other witnesses, when he has been misled as to what the witness will testify by a preliminary examination? " We there adopted the rule laid down in 1 Greenleaf on Evidence, sec. 444, where the learned author, after stating the arguments pro and con, says : " But the weight of authority seems in favor of admitting the party to show that the evidence has taken him by surprise and is contrary to the examination of the witness preparatory to the trial or to what the party had reason to believe he would testify, or that the witness has recently been brought under the influence of the other party and has deceived the party calling him." Judge BEAVER said : " The authorities in Pennsylvania very clearly sustain the right of the party calling a witness under such circumstances to cross-examine him for the purpose of showing that he had made statements different from those to which he testifies on the stand on a previous occasion, not, it is true, for the purpose of making his previous statements substantive evidence of the facts therein stated but in order to neutralize the evidence given by the witness." Applying these well settled principles to the case in hand, the learned trial judge committed no error in admitting the testimony and he correctly and adequately instructed the jury as to the sole purpose for which it was admitted. We must assume that they obeyed his instructions and did not give the testimony effect as substantive proof of the guilt of the defendant.

As to the fifth assignment of error it would be sufficient to say that a motion in arrest of judgment is not the proper mode to raise the question as to the sufficiency of the evidence. We remark, however, that there was sufficient competent evidence to sustain the conviction.

All the assignments of error are overruled, the judgment is affirmed and the record is remitted to the court below to the end that the sentence be fully carried into effect; and to that end it is ordered that the defendant forthwith surrender himself to the court of quarter sessions of Bradford county, and that thereupon he be remanded to the jail of said county to serve out so much of the period of imprisonment prescribed by said sentence as had not expired on February 18, 1902, the day the supersedeas on this appeal took effect.