## Commonwealth v. Harry W. Brubaker, Appellant.

*Charge of court—Absence of request for instructions—Good character.*
The legal effect of good character is for the jury and where no requests are made for specific instructions and no points are submitted for answer, the appellate court will not sustain an assignment of error to a detached portion of the charge because more elaborate instructions were not given as to the effect of character; if special instruction was desired it should have been asked for.

*Charge of court—Presentation of question of motive.*
The appellate court will not reverse for alleged error in the manner of the court in presenting the question of motive on the part of the prosecutrix in instituting criminal proceedings when all the disputed questions of fact were fairly submitted to the jury and the charge was not misleading in what was stated and was not open to any criticism for bias or partiality.

Argued Oct. 26, 1899. Appeal, No. 168, Oct. T., 1899, by defendant, from sentence of Q. S. Lebanon Co., Sept. Sess., 1899, No. 1, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

14, (1900).]    Statement of Facts—Assignment of Errors.

Indictment for rape.    Before EHRGOOD, P. J.

It appears from the record that the court left the question to the jury and that the evidence substantially consisted of the contradictory statements of the prosecutrix and the defendant. No points were presented by defendant and no requests for special instruction made.    Some evidence as to defendant's good character was given.

Verdict of guilty and sentence thereon to pay a fine of $5.00, costs of prosecution, and undergo imprisonment in the Eastern Penitentiary for the term of six years.    Defendant appealed.

*Errors assigned* were (1) in not instructing the jury as to the legal effect of the evidence adduced to establish the good character of the defendant for chastity, when in addressing them upon this branch of the case he said : " There is also some evidence of good character in the case.    You will take in consideration how well these men knew him and in what relation they knew him, and see how far the evidence of the two witnesses who were on the stand, as to character, convinces you of good character."    (2) In charging the jury as follows : " Now what should be the inducing motive for the prosecution, or for the prosecutrix in this case, within so short a time, within fifteen or twenty minutes after the defendant was gone, to go to her husband and say that a stranger, a person whom she had never seen and an entire stranger, had committed such a crime upon her?    What motive could there be for this prosecutrix to go to her husband and to her father-in-law, and inform him and describe the person that had been at her house and had done with her as she testified on the stand?    There would have to be a motive in the case.    There is no testimony of any motive and the truthfulness of her story, however, is for you.    If you believe that the prosecutrix has told you the truth, and that her husband and her father-in-law and the doctor who was on the stand, who in a measure corroborated her, told the truth, then it is your bounden duty, without any hesitation, to say so by your verdict.    If, on the other hand, you find that there was a motive, or you conclude that there was a motive for this prosecutrix to go to her husband and inform him of the acts complained of in this indictment, and that the defendant did noth-

ing more than go there and attempt to sell medicine, and when he could not sell any left in the manner in which he did, then it is equally your bounden duty, without any hesitation, to sa· so by your verdict."

*Thomas H. Capp*, with him *J. M. Funck*, for appellant.— The instructions of the trial judge as to good character were wholly inadequate and highly prejudicial to the defendant.

*E. E. McCurdy*, district attorney, with him *A. Frank Seltzer*, for appellee.

OPINION BY ORLADY, J., February 16, 1900:

The only question raised by the assignments of error in this case relates to the charge of the court. No requests were made by counsel for specific instruction, nor were any points submitted for answer on the trial below.

The first assignment of error is as follows: The court erred in not instructing the jury as to the legal effect of the evidence adduced to establish the good character of the defendant for chastity, when in addressing them upon this branch of the case he said, " There is also some evidence of good character in the case. You will take into consideration how well these men knew him, and in what relation they knew him, and see how far the evidence of the two witnesses who were on the stand as to character convinces you of good character," and that this instruction was wholly inadequate and wholly prejudicial to the defendant. The paragraph of which complaint is made is detached from the body of the charge and does not present the whole thought of the court. The evidence of character was specially submitted to the jury; the testimony was very meager—was confined to but few witnesses—and if more elaborate instruction was desired, it should have been requested by counsel for the defendant.

The second assignment of error is a criticism of the manner of the court in presenting the question of motive on the part of the prosecutrix in instituting the proceeding. All the disputed questions of fact were fairly submitted to the jury; the charge was not at all misleading in what was stated, and is not open to any criticism for bias or partiality.

14, (1900).] Opinion of the Court.

In reviewing the proceedings of the court below this court is confined to adjudication of the errors of law upon the record. The legal effect of good character was for the consideration of the jury. Taking the charge as a whole, we feel that it was submitted to them in such a manner as to give them a proper understanding as to how they should apply it. It was not treated as an immaterial matter by the court, and it was submitted as a part of the defense to be considered with the other evidence in the case. The contradictions between the prosecutrix and the defendant were clearly defined; the disputed question was submitted to the only tribunal having authority to dispose of it, in a charge which, taken as a whole, fairly presented the theory of the defendant, and vouchsafed to him the benefit of any reasonable doubt as to his guilt.

The assignments of error are overruled and the judgment is affirmed.

April 13, 1900. Petition for reargument refused.