## Commonwealth *v.* Campolla, Appellant.

*Criminal law—Obtaining money by menaces and threats—Act of March* 31, 1860, *sec.* 102, *P. L.* 382—*Mafia Society.*

Whether a threat of the displeasure of a society in case of the failure of a person to contribute money amounts to a menace within the meaning of the act, depends altogether upon what the parties mutually understand as to the nature of the society and the manner in which its punishments are inflicted.

On the trial of an indictment for felonious assault and obtaining money by menaces and force, the prosecutor testified that the prisoner met the prosecutor on the street and said that he had been sent by the Mafia Society, and that he wanted a sum stated. The prosecutor testified that he paid the money because he was afraid of bodily harm from the Mafia Society. The commonwealth offered to show that before the commission of the offense charged, the prisoner had invited others to join the Mafia Society, that he had declared that he himself was a member of it, that members got money out of the society, that the way the society got money was from the people of the community, and that upon failure to comply with its demand physical injury was inflicted upon its victim. *Held,* that the offer of evidence was properly admitted.

Argued April 24, 1905. Appeal, No. 11, Jan. T., 1905, by defendant, from judgment of O. & T. Lackawanna Co., Feb. T., 1905, No. 2, on verdict of guilty in case of Commonwealth v. John Campolla. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictments for obtaining money by menace and threats. Before EDWARDS, P. J.

At the trial when Louis Scalzo, a witness for the commonwealth, was on the stand the following offer was made:

The commonwealth offers to show by the witness that on September 5 last the witness met the defendant, John Campolla, who told him that he wanted to join the Black Hand or Mafia Society, and that it would cost him $50.00 to join it. The defendant also told the witness that he, the defendant, belonged to it, and that if the witness joined it that he would get money out of the society, and that the way the society got money was from the people of Carbondale. This evidence is offered for the purpose of showing that Campolla was a member

of the Mafia Society, and he also told the witness that if he did not join the society that he would have his face cut and be injured.

Mr. Murphy: The counsel for the defendant object to the offer as incompetent, irrelevant and immaterial. We also object to that part of the offer in which they seek to establish the fact that there was such a society, as not a proper way to prove the existence of such a society, or to prove the membership of the defendant.

The Court: I overrule the exception.

The court charged in part as follows:

[But the testimony shows that he was acting for others. That is the contention of the commonwealth, and that is the testimony; that he belonged to a society, that he belonged to an organization; that the purpose of this organization was to demand money from different people, and that in the course of this activity on behalf of this organization this defendant, representing the organization, representing the society—whatever name you might call it, whether the Mafia or the Black Hand, or anything else—that he, representing the society, was active and demanding money.] [2]

[Then we permitted Grecco to testify that a demand was made upon him, and we allowed him to state what the argument was as to why he should join the Mafia Society; that he would be respected and could live without working; and the testimony as to the reason why the society was doing this kind of work, that they were collecting money from people so that they need not work and so they would be respected in the community and could dress well, and things of that kind.] [3]

[If the defendant was in that business, if he was active for other people or a society, in demanding from A, B and C and others, provided they had the evidence of this, but say A, B and C—if he was demanding money in that way, then it throws considerable light upon the offense with which he is charged in this indictment, because if he demanded money from Scalzo under such circumstances and conditions as existed in Carbondale at the time; if he demanded money from Grecco under similar circumstances and conditions, then isn't it reasonable to suppose that the boy Collandero also is telling the truth,

that money was demanded from him under like conditions and circumstances?   Now that is the reason the testimony of Scalzo and of Grecco was admitted in this case.] [4]

[There is some evidence here showing the general condition at the time in the city of Carbondale.   Several sentences have dropped from the mouths of the witnesses showing a condition of fear among the people, who would not leave their houses at night because of this so-called Mafia Society.   You have a right to take that into consideration as bearing upon the mental condition of Collandero, the boy, that the demand for money was made from him.   You have a right to take that all into consideration in coming to a conclusion as to whether the boy was in fear and was put in fear by means of this defendant at the time he paid him the first $9.00 and at the time he paid him the last $6.00.] [5]

Verdict of guilty upon which the court sentenced the prisoner to solitary confinement at labor in the eastern penitentiary for four years and nine months.   Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2-5) above instructions, quoting them.

*John J. Murphy* and *H. D. Carey,* for appellant.—A purpose of the offer to which the first assignment of error is made, was to show the membership of the said John Campolla in the so-called Mafia Society.   The manner in which it was done was entirely inadequate and improper: Goersen v. Commonwealth, 99 Pa. 388.

The admission of the evidence of Scalzo and Grecco had a tendency to inflame the minds of the jury to the great prejudice of the defendant, and no doubt influenced them in rendering a verdict of guilty against him.

*James J. O'Neill* and *Joseph O'Brien,* with them, *Louis Gramer,* assistant district attorney, for appellee.—All the elements of the crime of robbery are in this case : Rex v. Jones, 2 East's Pleas of the Crown, 714; Donolly's Case, 2 East's Pleas of the Crown, 715 ; 1 Wharton's Crim. Law, 9th ed., sec. 851 ; 2 Bishop's New Crim. Law, sec. 1174, page 676; 1 McClains'

Crim. Law, sec. 470, page 455; Clark's Crim. Law, page 286.

The case of Hester v. Commonwealth, 85 Pa. 139, is directly in point and supports the correctness of the trial judge in admitting our offer.

OPINION BY PORTER, J., July 13, 1905:

The appellant was convicted upon the third count of the indictment, which charged that he "did feloniously assault Joseph Collendro, and by menaces and force did demand of him, the said Joseph Collendro, the sum of $15.00 lawful money of the United States . . . . with intent then and there feloniously to steal the same." The count is drawn in the language of section 102 of the Act of March 31, 1860, P. L. 382, and sufficiently charges the offense. Joseph Collendro testified that, as he was going along a street of the town of Carbondale he met this defendant, who told him that he had been sent by the Mafia Society and he wanted $15.00. "He was telling me he was a friend of mine, and that if I could n't get it all he would chip in for me, but I better pay it or there would be some harm done to me; he said to me, 'If you ain't got it all, give me what you got and I'll put in the balance,' and then I can pay him back. So I gave him $9.00 right then and there." He testified that he paid the money because he was afraid of the Mafia Society; "Because if I did n't pay this money to him they might do me harm;" that he had heard of this Mafia Society in Carbondale at that time and prior thereto, and of their demanding money here and there; that he knew there was such a society because he had heard it from everybody, including John Campolla. He further testified that he subsequently paid the other $6.00 to Campolla, "Because that was the balance due to him to make the $15.00 for the Mafia so they would n't kill me."

If this testimony is true, the victim unquestionably believed that the language which the defendant used meant that if Collendro did not pay to the defendant the $15.00 the Mafia Society would inflict upon him personal injury or death. He understood the language of the defendant to be a menace. Whether it was a menace within the meaning of the statute,

was a question for the jury, to be determined in view of the circumstances and conditions prevailing at the time the words were uttered. The burden was upon the commonwealth to satisfy the jury, not only that Collendro was put in fear, but that it was the intention of the defendant to arouse his terrors. Whether a threat of the displeasure of a' society in case of the failure of a person to contribute money amounts to a menace within the meaning of the act, depends altogether upon what the parties mutually understand as to the nature of the society and the manner in which its punishments are inflicted. A contribution of money by one ambitious for social recognition, upon an intimation that a refusal will provoke the hostility of some influential social organization, could hardly be held to fall within the provisions of this statute. A notice to hand over money, or expect harm at the hands of a band of cut-throats, is an entirely different proposition. What this defendant believed and what he intended his victim to understand as to the nature, purposes and manner of operation of the Mafia Society was material to the consideration of the question upon which the jury were called to pass. The offer of testimony by the commonwealth, the admission of which is the subject of the first specification of error, was undoubtedly competent. It was not an offer to prove an independent crime, and the learned judge of the court below clearly instructed the jury that they were not to so consider the evidence. The offer as made tended only to establish that, shortly before the commission of the offense charged, this defendant had invited others to join the Mafia Society, that he had declared that he himself was a member of it, that members got money out of the society, that the way the society got money was from the people of Carbondale, and that upon failure to comply with its demands physical injury was inflicted upon its victim.

The court could not declare as matter of law what were the purposes and manner of the operation of the Mafia Society, of which the defendant had spoken to Collendro. The evidence was admissible for the purpose of showing what the defendant understood the language, which he used to Collendro, to mean, and what effect he ought to have known it would have upon the mind of the youth from whom he demanded money. The evidence was admissible upon the ground, also, that it directly

tended to establish that the defendant was a member of an organization banded together to commit crimes of the kind charged, and that he and other members received from the society the moneys which were the fruits of their own unlawful acts : Hester v. Commonwealth, 85 Pa. 139 ; Goersen v. Commonwealth, 99 Pa. 388 ; Swan v. Commonwealth, 104 Pa. 218 ; Kramer v. Commonwealth, 87 Pa. 299.

The evidence having been properly admitted, the instructions of the court as to the weight to which it was entitled and the limits within which its effect must be restricted were, when considered in connection with the charge as a whole, free from error. The evidence was certainly sufficient to warrant a conviction, and it would have been error to have withdrawn the case from the consideration of the jury. All the assignments of error are dismissed.

The judgment is affirmed.