## Commonwealth *v.* Shanor, Appellant.

*Evidence—Criminal law—Proof of another crime.*

Whenever a case is such that proof of one crime directly tends to prove any fact material in the trial of another such proof may be admitted, and the fact that it may tend to prejudice the defendant in the minds of the jurors, is not necessarily ground for its exclusion; but where the proof has no relation to the crime under examination, but concerns an act committed in another jurisdiction, it is inadmissible.

Argued May 9, 1905. Appeal, No. 245, April T., 1905, by defendant, from judgment of Q. S. Butler Co., June T., 1904, No. 22, on verdict of guilty in case of Commonwealth v. John Shanor. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Indictment for adultery. Before GALBREATH, P. J.

At the trial Mr. McKelvey, proprietor of the City Hotel of Punxsutawney, Jefferson county, Pa., was asked the question:

" Q. Do you know the defendant, John Shanor? A. I cannot say that I do."

Objected to as immaterial.

The Court: I think anything that would indicate the relation of these parties would be a circumstance to go to the jury.

Mr. Henninger: We propose to show the fact that they were occupying the same room, not for the purpose of showing an independent crime, but for the purpose of showing their relations the latter part of August, the same month they are charged with here.

The Court: I am inclined to think it is competent.

Objected to as irrelevant and incompetent.

The Court: We will receive the testimony and seal a bill. [2]

" Q. Look at the defendant and tell us whether or not you ever saw him. A. I can't see him in court now. I see the gentleman now, but couldn't swear that that was the man."

3. The court erred in admitting the following testimony on the part of the commonwealth, which testimony, objection and ruling are as follows:

" Q. You may state whether or not you had any person stop at your house under the name of J. F. Brant? "

Objected to as incompetent.

The Court: If you can follow that up with testimony that that was the defendant and Miss Phillips, I think it would be competent.

Mr. Henninger: We propose to follow it up and show that the man that registered as J. F. Brant was Mr. Shanor. I propose to ask the witness on the stand whether or not a man and woman stopped at his hotel during the latter part of August, 1903, under the name of J. F. Brant and wife. This to be followed by showing that the same party that registered as J. F. Brant and wife was the defendant, John Shanor, and the · deceased Annie Phillips.

Mr. McQuistion: The witness having already testified that he cannot identify the defendant, the offer as made to prove that J. F. Brant and wife registered at his hotel is incompetent, the witness having already stated that he cannot identify the defendant, and his hotel is located without the jurisdiction of Butler county.

The Court: The offer being made to show that parties under the name given registered at the hotel of the witness and also being accompanied by the further offer to show by other proof that the persons registered were the defendant and Annie Phillips, we think as a circumstance in the case it is properly admissible; for that reason we will overrule the objection, receive the testimony and seal a bill for defendant. [3]

Mr. Henninger: Commonwealth offers in evidence the register from the City Hotel at Punxsutawney as identified by Mr. McKelvey.

Mr. McQuistion: Objected to as incompetent in that the signature has not been identified, neither has there been any proof offered on the part of the commonwealth that the defendant wrote that name upon the register, nor that Annie Phillips was with him.

The Court: The evidence as to the signature itself is not very explicit, the witness has said that he is not sure he was there when it was written, but he does say the defendant settled the bill.

Mr. Henninger: We propose to offer with that the indict-

360   COMMONWEALTH *v.* SHANOR, Appellant.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

ment in the present case showing his signature to the bill for the jury to judge of the similarity, and in addition I wish to offer the indictment.

The Court: I think we will overrule the objection, receive the testimony and seal a bill for defendant. [4]

Verdict of guilty upon which the prisoner was sentenced to $200 fine and undergo imprisonment in the penitentiary for one year.

*Errors assigned* were (1) the sentence of the court; (2–4) rulings on evidence, quoting the bill of exceptions.

*Lev. McQuistion* and *Everett L. Ralston*, with them *A. T. Scott*, for appellant.

*John R. Henninger*, for appellee.

OPINION BY ORLADY, J., November 20, 1905 :

The information and the indictment specifically charge the commission of the offense therein named with a certain Annie Phillips at Butler in the county of Butler, during July and August, 1904. On the trial the commonwealth offered to prove that the defendant had registered at the City Hotel in Punxsutawney, Jefferson county, under the name of J. F. Brant and wife, to be followed by proof that J. F. Brant and wife were John Shanor and the deceased Annie Phillips. The hotel register was received in evidence, and the proprietor of the hotel, after a rigid examination, stated that he was not positive whether he was present or not when the name was placed upon the register, was in some doubt as to his identification of this defendant as the person who made the entry " J. T. Brant and wife," and did not pretend to identify the woman as Annie Phillips. The general rule is well established in civil as well as in criminal cases, that the evidence shall be confined to the issue before the court and the enforcement of this rule is stronger in criminal cases. The facts laid before the jury should consist exclusively of the transaction that forms the subject of the indictment and matters properly relating thereto; to enlarge the scope of the investigation beyond this would subject the defendant to the dangers of surprise against which no foresight might prepare and no

innocence defend.   Under this rule, it is generally improper to introduce evidence of other offenses.   But, if facts bear upon the offense charged, they may be proven, although they disclose some other offense.   The test of admissibility is the connection of the facts offered with the subject charged. Whenever the case is such that proof of one crime directly tends to prove any fact material in the trial of another, such proof may be admissible, and the fact that it may tend to prejudice, the defendant in the minds of the jurors, is not necessarily ground for its exclusion.   When such evidence is offered, the same considerations arise as upon the offer of other testimony; is the evidence relative and competent?   Does it tend to prove any material fact in the issue?

In Commonwealth v. Mosier, 135 Pa. 221, the defendant, on his direct examination, testified positively and directly that he had not committed the crime of adultery set out in the indictment at the time charged or at any other time.   On cross-examination it was held proper to ask, why he had pleaded guilty to the same crime committed with the same person named in the indictment in another state; but this was not for the purpose of showing a conviction in Ohio of same offense, but for the purpose of contradicting and discrediting him, as it was his own declaration or admission of the fact, and was not rendered incompetent because solemnly made in the course of the judicial proceeding.

In Commonwealth v. Saulsbury, 152 Pa. 554, evidence was admitted under objection, to prove that the defendant who was on trial for extortion, having in custody a person not named in the indictment at another time had received money from the other person in order to release him from custody. The Supreme Court held, " We think the evidence should have been excluded.   The indictment charged that the defendant had extorted money from John Bunke, Zeboster Ross and Simon Wagner, while they were under arrest under a warrant issued by Squire Nelson.   There was no charge of having extorted money from Mr. Serf, and it was error to permit evidence in regard to him to go to the jury.   We cannot, of course, say how far this evidence may have influenced the jurors, but it is not competent, as a general rule, upon the trial of one offense, to permit evidence to be given of another

distinct, independent offense ; " and the judgment was reversed with a venire.

In Commonwealth v. Bell, 166 Pa. 405, it was held to be proper for the commonwealth to introduce evidence of prior unlawful relations between the parties, although such evidence disclosed other indictable offenses of like nature which were barred by the statute of limitations, for the reason that the evidence was carefully restricted by the learned court below to the purpose for which it was clearly admissible ; as being one of a series of acts indicating continuousness of sexual intercourse.

On the trial below, the court said, in reference to the evidence relating to facts occurring in Jefferson county, " I may say to you in regard to the presence of the defendant in Punxsutawney with Annie Phillips, that that fact was not admitted in evidence for the purpose of showing that they committed any crime in that place. That is out of the county, and with what took place there we have nothing to do whatever ; and it is only important in so far as it throws some light on what the relations of the parties were at and about that time, to corroborate the relations alleged to have existed in this county and even if it be true that improper relations existed between them in Jefferson county, we have nothing to do with that." Under the decisions, the instruction was not improper had the facts measured up to the standard claimed by the commonwealth ; but inasmuch as there was no evidence to show that Annie Phillips was with John Shanor at the City Hotel in Punxsutawney, at the time of the registry of J. F. Brant and wife the evidence was improperly admitted. It did not tend to prove that the defendant had committed adultery with Annie Phillips for the reason that she was not identified at that place and its only effect on the jury would be to establish a separate violation of law outside of the jurisdiction of the court from that mentioned in the indictment. For this reason the judgment must be reversed.

It is conceded by the appellee that the sentence imposed was illegal under authority of Commonwealth v. Barge, 11 Pa. Superior Ct. 164, and as the case goes back for another trial it is not necessary to specially consider the other assignments of error.

The judgment is reversed with a venire facias de novo.