Per Curiam,
Upon the oral argument of this case the counsel for the appellant rested his claim for reversal almost wholly upon the charge of the court upon the subject of reasonable doubt. Other objections to the charge discussed in the printed brief were not insisted upon, as indeed they could not be in view of the noncompliance with our rules of court relative to the substance of assignments of error and the presentation thereof in the appellant’s paper-book. We remark, however, that we have' considered the evidence with reference to the question of its sufficiency to sustain a conviction of assault and battery, and that we entertain no doubt upon that subject. We shall not incumber this opinion by a recital of the testimony *79 of the child who was alleged to have been assaulted. It is sufficient to say that if what she testified to was believed by the jury, as the verdict implies it was, a verdict of acquittal upon the ground, either that the defendant’s act as described in her direct examination and more fully in her re-direct examination was not intentional, or that she consented, or that it did not constitute an assault and battery, would have been gross miscarriage of justice. The controversy was not over either of these points, but over the question whether the defendant laid hands upon her at all, and this question of fact was settled by the verdict of the jury.
The instructions, of which particular complaint is made, were as follows: “Now, gentlemen of the jury, he has also introduced testimony here as to his good character. As I have said before, probably to some of you jurors, this is substantial testimony. You will take up the testimony upon the one side and the other here, and determine the guilt or innocence of this defendant. After having considered it, if there is a reasonable doubt of the defendant’s guilt, that doubt belongs to him, and should enure to his acquittal. It must be a reasonable doubt, gentlemen of the jury, it must be an honest one; one that springs from a fair, thoughtful, careful consideration of the testimony. If there is such a doubt it is a reasonable doubt, and should enure to the defendant’s acquittal. It has also been held, and it is a rule, that testimony as to good character, which is substantial, may also of itself create a reasonable doubt in the mind of the jury. Of course, many persons are accused and guilty of crime when, up to the time of accusation, they have had a good character.” Reading these'instructions as a whole, as they should be, we cannot agree with the appellant’s counsel that they were calculated to give the jury the impression that if they found such a doubt existed as the law recognizes, then they wére vested with a discretion to determine whether the defendant should have the benefit of that actually existing reasonable doubt. On the contrary, the jury must have understood that if they had a reasonable doubt, it was their duty to acquit. This is the plain import of the language. The instructions were not the same in language or *80 effect as those which were held to be erroneous in Commonwealth v. Rider, 29 Pa. Superior Ct. 621.
The judgment is affirmed.