# Commonwealth v. Pugliese, Appellant.

*Criminal law—Conspiracy—Obtaining money by false representations—Evidence.*

1. A person may be convicted of conspiracy to cheat and defraud where the evidence shows that he and another person received from a number of workmen different sums of money at different times, by means of threats and false representations that the payment of a certain amount of money was necessary in order to secure employment for such workmen at a certain mine, and that additional daily payments were to continue while the workmen were at labor in the mine. It is immaterial how the money thus fraudulently obtained was finally disbursed.

2. In such a case evidence is admissible that the defendants cheated another person other than the two persons mentioned in the indictment

where such cheating was a part of the same general system practiced by the defendants.

Argued May 3, 1910. Appeal, No. 154, April T., 1910, by defendant, from judgment of Q. S. Jefferson Co., Nov. Sessions, 1909, No. 18, on verdict of guilty in case of Commonwealth v. Pugliese. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for conspiracy to cheat and defraud Salvatorie Cammaratti of the sum of $75.00 by means of threats and false representations.

The facts are stated in the opinion of the Superior Court.

At the trial Mike Bosko was asked this question:

"Q. What transactions, if any, had you with them concerning work in Adrian mines?"

Mr. Gillespie: Objected to for the reason that we are not charged in these indictments with cheating and defrauding anybody but Barbara and Cammaratti. One indictment is for defrauding Cammaratti and the other is for defrauding Barbara. We are not charged with getting any money from Mike Bosko under these indictments.

The Court: That might all be true. He could not be convicted of defrauding or cheating those parties, but still the evidence would be competent as bearing on the intent with which he acted with these other parties, would it not?

Mr. Gillespie: No; I do not think we would be compelled to meet that. We have pleaded to indictments for cheating and defrauding and threatening to cheat and defraud two parties, Vincenzo Barbara and Salvatorie Cammaratti. Those are the only parties that we are alleged to be defrauding, and I understand the principle of law to be well settled that you cannot prove a crime by proving another crime, even of the same character.

The Court: There are lots of cases in the books which allow proof to show that the transaction is a part of a transaction or series of transactions, to show system.

Mr. Gillespie: I object to the question in its present form.

"Q. [Question amended to read as follows]: What transactions, if any, had you with Frank Pugliese and Charles Farnella concerning work in Adrian mines, in the presence of Vincenzo Barbara and Salvatorie Cammaratti?"

Mr. Gillespie: Objected to for the reason that there is no charge in the indictments of any transactions between the defendant and anyone except Barbara and Cammaratti. What was done with some one else in their presence would not be evidence.

The Court: We think it is a part of the same transaction and it would be evidence. The objection is overruled, the testimony admitted, and at the request of his counsel a bill of exceptions is sealed to the defendant. [1]

Verdict of guilty upon which the defendant was sentenced to the workhouse for one year. Defendant appealed.

*Errors assigned* were (2) ruling on evidence, quoting the bill of exceptions and (3–10) various instructions.

*W. M. Gillespie*, with him *Charles Corbet*, for appellant, cited as to proof of another distinct offense: Com. v. Saulsbury, 152 Pa. 554.

*B. M. Clark*, with him *Jesse C. Long, C. Z. Gordon* and *A. B. Stewart*, for appellee.—Evidence of motive, criminal intent, system, guilty practice and knowledge or to exhibit a chain of circumstances, evidences of guilt, may be given by one not named or mentioned in the indictment: Com. v. Moorby, 8 Phila. 615; Com. v. Charles, 14 Phila. 663; Com. v. Hutchinson, 6 Pa. Superior Ct. 405; Com. v. Johnson, 133 Pa. 293; Com. v. Ferrigan,

44 Pa. 386; Goersen v. Com., 106 Pa. 477; Wharton on
Crim. Law, secs. 647–650.

OPINION BY ORLADY, J., October 10, 1910:

The indictment in this case charges that this defendant
and Charles Farnella, together with other persons un-
known, confederated and conspired together to cheat
and defraud one Cammaratti of the sum of $75.00 by
means of threats and false representations, etc.

The commonwealth established by direct testimony,
which was clear, explicit and uncontradicted, that Pug-
liese and Farnella received from Cammaratti, Barbara,
Bosko and Iacomo, different sums of money at different
times, under the inducement that the payment of a cer-
tain amount of money was necessary in order to secure
employment for them at the Adrian mines in Jefferson
county, and that additional daily payments were to con-
tinue while they were at labor in the mines.  The super-
intendent of the mines was put on the stand and testified
positively that all such inducements were made without
authority from anyone in charge of the work, and that
no part of such payments was ever received by him or
by any other with his knowledge.  Had the defense then
rested there could not have been any doubt as to the
guilt of the defendant, but he took the stand in his own
defense and not only confirmed the testimony of the
commonwealth witnesses as to the payments to him,
and the promises made by him to secure the money, but
that this system had been in operation for many months,
and had resulted in his receiving from these and other
employees the sum of about $4,000.  His only explana-
tion was that the money had been paid by him to the
superintendent of the mines under an arrangement made
between themselves.  The superintendent was not on
trial and is entitled to his day in court, but for the pur-
poses of this case it is not material how the money thus
fraudulently obtained was finally disbursed.  Whether
divided among many or retained by the defendant, its

payment by these laborers to this defendant under the undisputed testimony, was induced by means of the threats and fraudulent representations of the conspirators, Pugliese and Farnella, to cheat and defraud these employees.

The defense covered a wide range, and the long and tedious trial was fairly conducted by the trial judge. The whole question became one of fact depending on the credibility of the witnesses called by the commonwealth and the defendant as to the promises and representations made by the defendant and his associate: Com. v. Campolla, 28 Pa. Superior Ct. 379.

The testimony of Bosko was properly received, as it tended to show a part of the same system as described by the other witnesses, and showed intent, motive and knowledge: Com. v. Benedick, 39 Pa. Superior Ct. 477; Com. v. Shanor, 29 Pa. Superior Ct. 358; Com. v. Wickett, 20 Pa. Superior Ct. 350; Com. v. House, 223 Pa. 487.

The defendant had a fair and impartial trial and none of the assignments of error are sustained. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be then committed to serve that portion of his term of imprisonment which had not expired at the time this appeal was made a supersedeas.