## Commonwealth *v.* Rabinowitz, Appellant.

*Criminal law — Conspiracy — Practice, Q. S. — Assignments of error—Trials—Harmless error.*

The Superior Court will not reverse a judgment on a verdict of guilty because of a mere technical error which did the defendant no harm.   Where the evidence is not certified with the record and the appellate court has no means of knowing the exact nature of the error complained of, the judgment will be affirmed.

*Criminal law—Procedure—Practice, Q. S.—Evidence of former crime—Admissibility.*

Evidence of another independent and distinct crime cannot be received simply for the purpose of showing the commission of the offense for which the defendant is on trial.   It cannot be received to impeach his general character, nor merely to prove a disposition to commit crime, yet, under some circumstances, evidence is properly admitted which tends to establish any fact material to the

issue then pending, although it may incidentally involve a distinct offense. Thus, it may be to establish identity; to show the act charged was intentional and willful and not accidental; to prove notice; to show guilty knowledge and purpose; to rebut any inference of mistake.

In an action for conspiracy to cheat and defraud the testimony of a former attempt at defrauding was admissible which not only contradicted the allegation of the defendants that they had not been previously acquainted, but directly tended to establish a fact material to the issue that there was an unlawful combination between them, and that the negotiations with the prosecutor were a mere incident of a system, the general design of which was to defraud all persons who were victimized by the conspiracy.

Argued May 7, 1919. Appeal, No. 47, April T., 1919, by defendant, from judgment of Q. S. Allegheny Co., March Sess., 1918, No. 131, on verdict of guilty in the case of Commonwealth of Pennsylvania v. L. Rabinowitz, alias L. Robinson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for conspiracy to cheat and defraud. Before SLOAN, P. J., 18th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal to grant a new trial.

*William J. Brennan,* for appellant.

*Homer N. Young,* Assistant District Attorney, and with him *Harry H. Rowand,* District Attorney, for appellee.

OPINION BY PORTER, J., October 13, 1919:

The appellant was charged in this indictment with having conspired with L. J. Marks to cheat and defraud one A. Grodner, and having been convicted, he appeals from the judgment. Neither the testimony nor the charge of the court are printed in the paper-book of the appellant, nor are they contained in the record as certified to us from the court below. The testimony not being before us we cannot say that the court abused its discretion in refusing a new trial, and there is no flaw in the record which would warrant us in holding that the court erred in refusing to arrest the judgment.

The first assignment of error complains of the admission of testimony of Grodner that "in effect his counsel, on two different occasions, had told him that L. J. Marks was a crook, said Marks being one of the defendants." This assignment is not supported by an exception taken in the court below, there does not seem to have been any objection made to the admission of the testimony. The court did, after the record was first certified to this court, sign the bill of exceptions, which did not refer to the admission of the testimony but to the refusal of the court to strike out upon motion of defendant. The authority of the court of quarter sessions to allow an exception in cases of this character is founded upon the Act of May 19, 1874, P. L. 219, which requires that the exception shall be allowed and the bill thereof shall be sealed, "in the same manner as is provided and practiced in civil cases." It may well be doubted whether the court has the power, after verdict and judgment, to allow an exception to the refusal to strike out evidence, when no exception was taken during the trial. Assuming, however, that the exception was taken and the bill sealed in regular order all we have is that, at sometime during the trial, the court refused to strike out the testimony of the witness that his counsel had on two occasions told him that Marks was a crook. The bill of exceptions does not disclose under what circumstances he testified that his coun-

sel had made this statement, for anything that appears it may have been in the presence of Marks. It does not show what testimony by the witness had preceded or followed it, nor how the testimony had been drawn out. It does not show at what stage of the trial the matter occurred, nor whether testimony had been introduced tending to establish the good reputation of Marks, nor does it show whether the witness made the statement during his examination-in-chief or in cross-examination. The evidence not being certified with the record we are left in the dark as to all these matters. The appellant must show that a substantial error was committed on the trial, in the admission or rejection of evidence, by which he has been injured; it is not sufficient that an abstract or technical error has taken place: Fife v. Commonwealth, 29 Pa. 429; Commonwealth v. Van Horn, 188 Pa. 143; Commonwealth v. McGowan, 189 Pa. 641. The expression of the witness which the court refused to strike out referred not to this appellant but to Marks, and we cannot determine, from the record as presented, that the action of the court worked injury to appellant's cause. The first specification of error is overruled.

While the testimony has not been certified from the court below, there are certain facts upon which the learned counsel for the appellant and the district attorney are in entire harmony in their statements of the history of the case. This appellant inserted in the Pittsburgh Press an advertisement in the following form: "Want to borrow $1,000, for 30 or 60 days. Will give bonus of $150, also interest at 6 per cent. Will give diamonds as security worth at least $1,000 or more. Address Press Box Office 147." Grodner replied to this advertisement, and by appointment met the appellant who exhibited to him the diamonds which he proposed to give as security. Grodner suggested that he did not understand the value of diamonds and asked the appellant to go with him to two persons whom he named. This the appellant objected to and, as they had met by his

appointment at the Farmers National Bank, he suggested that they go to the jewelry store just across the street, which was kept by the defendant, Marks. They went to the store of Marks and submitted to the latter the diamonds. Marks picked out two of the four rings, and after some examination with a glass, stated that they were first-class diamonds and easily worth one thousand dollars, and he himself would give that amount for the two rings at any time. On all the diamonds he placed a value of at least fifteen hundred dollars. Grodner was satisfied and consented to make the loan, but his money was in a savings account and they went to the office of his attorney, A. C. Stein, Esq., to see if he could in some manner arrange to get the money for Grodner. Mr. Stein endorsed a check for the sum of one thousand dollars, gave it to Grodner, and the diamonds were left with Mr. Stein. The banks were then closed and they could not get the check cashed until the next morning. Mr. Stein had the diamonds examined in the meantime and discovered that they were worth much less than one thousand dollars, and when the check was presented for payment the next morning the parties were arrested and an information made against them by an officer of the Department of Public Safety of the City of Pittsburgh. The defendants were charged with having conspired to defraud Grodner, not for having defrauded him. The question was whether there had been an unlawful combination to defraud. The Commonwealth called as a witness P. J. Crowley who testified, subject to an exception by the appellant, that he had about two years prior to the occurrence here involved, answered an advertisement in a newspaper asking for a loan and offering a liberal bonus, diamonds to be given as security; offers to be addressed to a box office; that his letter led to an appointment to meet the party who had inserted the advertisement and that in pursuance thereof he met this appellant who then represented himself to be "L. Robbin or Robbins"; that they met on Fifth avenue, Pittsburgh, and the appellant

interested Crowley in the proposition and exhibited the diamonds which he proposed to give as security for the loan. Crowley asked appellant to go to some one on Fourth avenue to have the diamonds examined, but Robbins suggested Marks saying he was a jeweler doing business on Fifth avenue. They went to the store of Marks and Marks examined the rings, and stated that for one ring alone he would give the amount which the appellant was asking Crowley to loan, at any time, and that the stones were well worth in fact more than what was asked for the loan upon them. Crowley loaned the money to the appellant and accepted the diamonds as security therefor, but within a short time he discovered that they were worth much less than the amount represented, and went back to see Marks the next day and Marks put him out of the store, saying he had never seen him before. The appellant assigns the admission of this testimony for error. This appellant and Marks denied that they had previously known each other. Even if the defendants had succeeded in defrauding Grodner that fact would not alone have been sufficient to warrant their conviction of the offense with which they were charged, there must have been, in addition, evidence sufficient to satisfy the jury that the fraud was committed in pursuance of the unlawful previous combination to defraud. Evidence of another independent and distinct crime, cannot be received simply for the purpose of showing his commission of the offense for which he is on trial. It cannot be received to impeach his general character, nor merely to prove a disposition to commit crime, "yet under some circumstances, evidence is properly admitted which tends to establish any fact material to the issue then pending, although it may incidentally involve a distinct offense. Thus, it may be to establish identity; to show the act charged was intentional and willful, not accidental; to prove motive; to show guilty knowledge and purpose; to rebut any inference of mistake; to show him to be one of an organization banded together to commit crimes of the kind

charged; and to connect the other offense with the one charged, as part of the same transaction": Goersen v. Commonwealth, 99 Pa. 398; Swan v. Commonwealth, 104 Pa. 218; Hester v. Commonwealth, 85 Pa. 139. Evidence of this character is admissible to explain the relations between the conspirators, the reason, motive and opportunity for their combined action, and the nature of the tie that binds them together: Commonwealth v. Campolla, 28 Pa. Superior Ct. 379; Commonwealth v. Shanor, 29 Pa. Superior Ct. 358; Commonwealth v. Pugliese, 44 Pa. Superior Ct. 361. The testimony to which this assignment of error refers not only contradicted the allegation of the defendants that they had not been previously acquainted, but directly tended to establish the fact material to this issue that there was an unlawful combination between them, that the negotiations with Grodner were a mere incident of a system the general design of which was to defraud all persons who were attracted by the lure of the advertisements for loans published in the newspapers. The offense was the unlawful combination to construct and operate the trap to catch the unwary, of which the attraction of Grodner by the bait was an incident. The assignment is overruled.

The judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.