# Commonwealth *v.* Elias and Johns, Appellants (No. 1).

*Criminal law—Larceny and receiving stolen goods—Procedure, Q. S.—Evidence of other crimes—Admissibility.*

Evidence of another independent and distinct crime cannot be received simply for the purpose of showing the commission of the offense for which the defendants are on trial. But under some circumstances evidence is properly admitted which tends to establish any fact material to the issue then pending, though it may incidentally involve a distinct offense. Thus it may be to establish identity; to show the act charged was intentional and wilful and not accidental; to prove guilty knowledge and purpose; to show that the defendants belonged to an organization banded together to commit crimes of the kind charged, and to connect the other offense with the one charged, as part of the same transaction.

In the trial of an indictment for larceny and receiving stolen goods, evidence was admissible that the defendants were the originators of a band of thieves, and had instructed young boys how to commit burglary and larceny, named the time and place and arranged the opportunity for such crimes, and received the stolen goods directly from them after paying them in money for their criminal acts. While the series of crimes covered a number of months and the incriminating testimony was furnished by the boys who were the victims of the defendants, the independent proof related to a plan or system of criminal action, involving the criminal intent and showing the criminal design of the defendants to accomplish their nefarious purposes. When the collateral facts prove or tend to prove the particular intent, such evidence is competent and cannot be excluded because it incidentally proved an independent crime.

Argued April 18, 1921. Appeal, Nos. 4 and 5, March T., 1921, by defendants, from judgment of Q. S. Luzerne County, February Sessions, 1921, No. 116, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Joseph Elias and Mike Johns. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for larceny and receiving stolen goods. Before GARMAN, J.

576, (1921).]        Verdict—Argument.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were overruling of the defendants' objection to certain testimony on the ground that it related to the commission of offenses, other than the ones mentioned in the .indictment.

*John B. Kosek,* and with him *Charles B. Lenahan,* for appellants.—The testimony produced by the Commonwealth to show the commission of other offenses was inadmissible and constituted reversible error: 2 Wharton on Criminal Evidence, 10th Ed. 1912, sec. 920; Shaffer v. Com., 72 Pa. 60; Com. v. House, 223 Pa. 487; Com. v. Coles, 265 Pa. 366; Com. v. Dumber, 69 Pa. Superior Ct. 196; Com. v. Haines, 257 Pa. 289; Com. v. Vardelle, 70 Pa. Superior Ct. 241.

*Evan C. Jones,* and with him *M. H. Salsburg,* Assistant District Attorney, and *Arthur H. James,* District Attorney, for appellee.—The evidence produced by the Commonwealth was to establish the motive and guilty knowledge of the defendants and was admissible, even although it proved independent crimes: Hester v. Com., 85 Pa. 139, 156; Com. v. Johnson, 133 Pa. 293, 304; Com. v. House, 6 Pa. Superior Ct. 92, 107; Goérson v. Com., 99 Pa. 388; Wh. Cr. Ev. Sec. 53; Com. v. Vadrick, 1 Pa. Superior Ct. 555; Com. v. Bell, 166 Pa. 405; Cover v. Com., 6 Cent. Rep. 585; Turner v. Com., 86 Pa. 54; Com. v. Ferrigan, 44 Pa. 386; Kramer v. Com., 87 Pa. 299; Com. v. McDermott (No. 1), 37 Pa. Superior Ct. 1; Com. v. Griffin, 42 Pa. Superior Ct. 597; Com. v. Dumber, 69 Pa. Superior Ct. 196; Com. v. Rink (No. 1), 71 Pa. Superior Ct. 579; Com. v. Rabinowitz, 73 Pa. Superior Ct. 221.

OPINION BY ORLADY, P. J., July 14, 1921:

The defendants were convicted of larceny and receiving stolen goods. They were tried by the same jury, separate appeals being taken and argued together. The question involved presents the following: At the trial of an indictment charging larceny, may the district attorney introduce evidence showing the commission of offenses other than that charged in the indictment.

At the trial the Commonwealth proposed to show by several witnesses "kindred offenses between the same witnesses and the same defendants, whereby they were encouraged by these defendants to commit larceny and burglary, and that the loot obtained by the witness and the other boys to be called as witnesses in this case, were purchased by these defendants," and the only question urged upon our attention is the propriety of receiving such testimony. The record discloses that three boys aged 16, 18 and 19 years, were intimate associates of these defendants, with another named Simon Moses; that they with others had been tried for larceny and had pleaded guilty. On this trial they were called as witnesses and testified to a series of crimes committed by them, at the suggestion and direction of these defendants, viz: breaking into railroad cars, stores and other places indicated by the defendants, and after the commission of the crimes they were met by these defendants at places designated by them, and the stolen property was then received by the defendants. The testimony clearly showed that the depredations were not only inspired by the defendants, but were actually participated in by them. The offense charged in this indictment was the stealing of forty-seven pairs of men's pants and two axes, on September 9, 1920. Another crime described in the testimony was the breaking open and stealing from cars of the Central Railroad of New Jersey of twelve bags of sugar containing one hundred pounds each, on September 3, 1920; another, breaking into and robbing of the Globe Store in the City of Wilkes-Barre on Sep-

tember 9, 1920; and fourth—the breaking into and robbing of the Wellington store in Wilkes-Barre on October 6, 1920.

The general rule is urged upon our attention that a distinct crime unconnected with that laid in the indictment cannot be given in evidence against a prisoner, that it is not proper to raise a presumption of guilt on the ground that having committed one crime the depravity it exhibits makes it likely he would commit another. Logically, the commission of an independent offense is not proof in itself, of the commission of another crime. Yet, it cannot be said to be without influence on the mind, for a certainty if one be shown to be guilty of another crime equally heinous it will prompt a more ready belief that he might have committed the one with which he is charged. It therefore predisposes the mind of the juror to believe the prisoner guilty. Citing Schaffner v. Com., 72 Pa. 60; Com. v. House, 223 Pa. 487; Com. v. Coles, 265 Pa. 362; Com. v. Dumber, 69 Pa. Superior Ct. 196, and others of like import.

These authorities are recognized as of binding authority and enunciate a rule founded on reason, and recognized as controlling, but there are exceptions to these announcements that are equally well-founded and as clearly established. To make one criminal act evidence of another some connection must exist between them; that connection must be traced in the general design, purpose or plans of the defendant, or may be shown by such circumstances of identification as necessarily tend to establish that the person who committed one must have been guilty of the other. The collateral or extraneous offense must form a link in the chain of circumstances or proofs relied upon for a conviction, as an isolated or disconnected fact it is of no consequence; a defendant cannot be convicted of the offense charged simply because he is guilty of another offense—yet, under some circumstances, evidence of another offense by the defendant may be given. Thus it may be to estab-

lish identity; to show the act charged was intentional or useful and not accidental; to explain the relations existing between the conspirators; to prove guilty knowledge and purpose, to obviate any mistake; to show him to be one of an organization banded together to commit crimes of the kind charged and to connect the other offense with the one charged, as part of the same transaction: Hester v. Com., 85 Pa. 139; Com. v. Griffen, 42 Pa. Superior Ct. 597; Com. v. Shields, 50 Pa. Superior Ct. 1; Com. v. Dumber, 69 Pa. Superior Ct. 196; Com. v. Rabinowitz, 73 Pa. Superior Ct. 221, and others of equal prominence.

In this case it was charged, and it was fully sustained by competent testimony, that these defendants were originators of a band of thieves and instructed these young boys how to commit burglary and larceny, named the time and place and arranged the opportunity for such crime, and received stolen goods directly from them, after paying them in money for their criminal acts. This series of crimes covered a number of months and reference was made but to the ones indicated herein as being established beyond all question. While the incriminating testimony was furnished by these boys (who were the victims of the older and more accomplished criminals), the independent proof related to a plan or system of criminal action involving the criminal intent and showing the criminal design of these three defendants to accomplish their nefarious purposes. The exceptions to the rule are as well marked as the rule, and when collateral facts prove or tend to prove the particular intent, such evidence is competent and cannot be excluded because it incidentally proved an independent action. These several crimes were so intimately related that there was no difficulty in establishing the fact that they were simply parts of a deliberately designed scheme to commit robbery and larceny. While the one instance of breaking into the Wellington store was after the date of that charged in the indictment, it was months prior

to the arrest of these defendants, and was clearly shown to be a link in this chain of crimes.

The assignment of error is overruled, the judgments are severally affirmed, the record remitted to the court below, and it is ordered that the appellants appear at such time as they may be there called, and that they be by that court committed until they have complied with the sentences imposed or any part of them that had not been performed at the time this appeal became a supersedeas.