## Commonwealth *v.* Lipschutz, Appellant.

*Criminal law—Indecent exposure—Inducing minors—Charge of court—Similar offenses—Evidence—Admissibility.*

In the trial of an indictment for indecent exposure and inducing minors it is error to admit testimony of similar offenses with other children without proper instruction that such evidence can only be received for the purpose of identifying the defendant as the offender charged in the indictment under trial, or in disclosing his intention and purpose.

If facts bear upon the offense charged, they may be proven, although they disclose some other offense. The test of admissibility

is the connection of the facts offered with the subject charged. Whenever the case is such that proof of one crime directly tends to prove any fact material in the trial of another, such proof may be admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is not necessarily ground for its exclusion. If the evidence is relevant and competent and tends to prove any fact material in the trial of another, such proof may

*Appeals—Suspended sentence—Final judgment.*

Where upon the conviction of a crime sentence is suspended there is no final judgment and an appeal from the conviction will be quashed.

Argued April 13, 1925.   Appeals Nos. 124 and 125, October T., 1925, by defendant from judgment of Q. S. Philadelphia County, Nos. 430 and 431, July T., 1924, in the case of Commonwealth of Pennsylvania v. Max Lipschutz.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Indictment for assault and battery, indecent exposure and attempting to entice a minor child.   Before STOTZ, J., Third Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on counts of indecent assault and indecent exposure.   Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to direct a verdict in favor of the defendant.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*Michael A. Foley,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY LINN, J., July 9, 1925:

Appellant was tried on eight indictments, one of

them charging assault and battery upon a young girl,—an indecent assault; three of them charging indecent exposure; the others charging enticement in violation of section 1 of the Act of May 28, 1885, P. L. 27. At the close of the case for the Commonwealth, the court held the evidence was insufficient as to two of the indictments charging indecent exposure and as to the four charging enticement, and directed the jury to render verdicts of not guilty as to them. That left for the jury the evidence on the bill charging indecent assault and on the bill charging indecent exposure. Appellant was found guilty but was sentenced only on the bill charging assault and battery; on the other bill, sentence was suspended. He has taken two appeals, one from the sentence in the former and one from the suspension of sentence in the latter. Until he is sentenced, there is no judgment to support his appeal; number 125 must therefore be quashed.

Four girls, named Lowrie, Goldbaum, Yeagle, and Gaham, whose ages ranged from 8 to 11, testified, each in support of a single incident involving the witness and appellant, all occurring between "the last of March" and "about the middle of June." Each occurrence took place while the child was going to or returning from a public school at 47th and Locust Streets, Philadelphia. Defendant lived within a few squares of the school. Each child testified that she was stopped by appellant, sitting in a Ford car; that he called her to the car and talked to her. The Lowrie child entered the car and while in it, the occurrence took place which furnished the basis of the indictment for assault and battery. The Goldbaum girl stood on the running board of the car while the occurrence took place which furnished the basis of the indictment for indecent exposure. On that conduct, also, as well as on appellant's alleged conduct involving the Yeagle and Graham children, the indictments for enticement were based. As has been stated, the court held that

the evidence was sufficient to go to the jury on only two of the indictments, those involving the Lowrie and Goldbaum children.

Appellant's complaint grows out of the charge to the jury concerning the effect to be given to the evidence of the Yeagle and Graham children as related to the charges of indecent assault and indecent exposure involving the other children. That evidence was relevant for a limited purpose, but, through inadvertence, no doubt, that limited purpose was not made clear to the jury. The evidence was not irrelevant, as appellant contends, within the rule prohibiting proof of other unconnected offenses, as discussed in Shaffner v. Com., 72 Pa. 60, and cases following it.

The challenged instruction is as follows (part of the first assignment): "If you are satisfied these things did take place and that these girls separately and at different time told these things to their parents and others, that they did happen, and it is not a case of where we have here just one girl charging that these things took place, but more than one girl, and while you cannot take into consideration the testimony of the two girls named Yeagle and Graham, with reference to these charges here, yet if you believe their testimony it would throw some light and be of some assistance in determining in your own mind whether the occurrences did take place with respect to the Lowrie girl and the Goldbaum girl" As soon as the charge was finished, that passage was specifically excepted to.

If the court had gone further and explained the "light" or "assistance" which the jury might derive from the testimony of the Yeagle and Graham children, the instruction would have been complete; without such explanation, the charge was essentially defective. In his opinion refusing a new trial, the learned trial judge states that the evidence was received because the offenses were of a "substantially similar character, closely connected in point of time, and were parts of

a continued scheme or practice." If the jury had been so informed, and had also been instructed that the evidence of those two children might aid in identifying appellant as the offender against the other two children, or in disclosing his intention and purpose, appellant's claim would have no foundation. See Com. v. Elias et al., 76 Pa. Superior Ct. 576; Com. v. Rabinowitz, 73 Pa. Superior Ct. 221, 226; Com. v. Griffin, 42 Pa. Superior Ct. 597, 599; Com. v. Shanor, 29 Pa. Superior Ct. 358, where the rule was thus stated: "But, if facts bear upon the offense charged, they may be proven, although they disclosed some other offense. The test of admissibility is the connection of the facts offered with the subject charged. Whenever the case is such that proof of one crime directly tends to prove any fact material in the trial of another, such proof may be admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors, is not necessarily ground for its exclusion. When such evidence is offered, the same considerations arise as upon the offer of other testimony; is the evidence relative [relevant] and competent? Does it tend to prove any material fact in the issue?"

In 124, October Term, 1925, the first assignment of error is sustained; the judgment is reversed and a new trial ordered.

In 125, the appeal is quashed for want of a judgment.