HENDERSON v. STATE.

Opinion delivered June 11, 1906.

LARCENY—NECESSITY OF ASPORTATION.—A conviction of larceny will not be sustained, though there was some evidence that defendant sold another's lumber, if the uncontradicted evidence showed that defendant tried to prevent the lumber from being taken from the owner's possession.

Appeal from Scott Circuit Court; *Styles T. Rowe,* Judge; reversed.

*Jim Johnson, I. S. Simmons* and *Carmichael, Brooks & Powers,* for appellant.

1. Larceny is not proved. 37 Ark. 274; 41 *Id.* 173. No proof of value. 33 Ark. 567.

2. Verdict contrary to the evidence. 56 Ark. 217; 57 *Id.* 467; *Id.* 402.

3. A felonious intent is an essential of larceny. The law presumes in favor of innocence and the burden of proving guilt is on the State. 32 Ark. 232; 68 *Id.* 529. The intent must be specific with an intent to steal. 34 Ark. 341, bot. p. 344.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

The evidence sustains the verdict. There is no occasion for muddying the waters by attempting to raise the question of principal and accessory. 1 McClain, Cr. Law, 544; 32 Tex. App. 78.

HILL, C. J. Henderson was indicted for grand larceny, charged with stealing 16,000 feet of lumber, the property of Oliver & Hudson, was convicted, sentenced to one year in the penitentiary, and appealed.

The State proved that Henderson bought of Oliver & Hudson a boiler and engine for $100, payable in lumber at $5 per thousand; that 16,000 feet were delivered, checked up and left standing in stacks on Henderson's lumber yard. It stayed there for several months for the convenience of Oliver & Hudson. In the meantime Henderson moved his mill seat to another place. Hearing that the lumber was being hauled away, Hudson went to see Henderson about it, and was told that the haulers

were taking it away, and that he could not prevent them doing so; He told Hudson where seven or eight loads of it were. Hudson tried to get Henderson to have it hauled back and replace what was beyond recovery, and, upon Henderson failing to do so, had him arrested. The State also proved that Henderson sold this lumber to Harris, and that Harris had caused it to be hauled away. Appellant testified, and he was corroborated by others, that in the sale to Harris this lumber was excluded, and that he had tried to prevent Harris's haulers carrying off this lumber; that he had posted it as belonging to Oliver & Hudson, and had made haulers unload it when he found them taking from these sacks. But, disregarding appellant's evidence where it is found in conflict with the State's evidence, and testing the conviction by the State's evidence alone, it is found insufficient.

There is a total dearth of evidence to connect Henderson with the carrying away of the lumber. On the contrary, the State's evidence showed that he tried to prevent it; and on this point there is uncontradicted evidence on behalf of the appellant of instances where he tried to prevent it.

The question narrows then to whether the evidence of Harris that Henderson sold this lumber to him of itself is sufficient to sustain a conviction for larceny. To constitute larceny, there must be an asportation of the goods. 2 Bishop, Crim. Law, § 794; Rapalje on Larceny and Kindred Offenses, § § 26, 27.

The sale to Harris, if a good sale, authorized Harris to have the lumber hauled away. Henderson was not present, permitting or consenting to the hauling other than by the implied authorization to it. This may have made him an accessory before the fact, justifying the State proceeding against him in that way, or the sale may have been a crime against Harris in obtaining money from him for the sale of property not his. These are not questions in this case; the question being whether this sale of itself made larceny when Harris, not Henderson, caused the lumber to be taken; and manifestly it did not. 2 Bishop, Crim. Law, § 836, par. 6.

Judgment reversed, and cause remanded for new trial.