## Commonwealth *v.* Dissinger, Appellant.

*Criminal law—Larceny as bailee—Promissory notes—Conversion—Jurisdiction.*

Where a person without any trick, artifice or false representation obtains possession of promissory notes to be used in renewing other notes, and after the holder of the original notes has refused to renew, such person transfers the new notes to a third person for a valuable consideration, he is guilty of larceny as bailee. If after the failure to renew, such person goes into another county and mails the notes in the latter county to parties out of the state for a consideration, the conversion takes place in the county in which the notes are mailed, and the courts of that county have jurisdiction of the offense.

Argued Nov. 10, 1914. Appeal, No. 131, Oct. T., 1914, by defendant, from judgment of Q. S. Lancaster Co., Nov. Sessions, 1913, No. 103, on verdict of guilty in case of Commonwealth v. C. H. A. Dissinger. Before RICE, P. J., ORLADY, HEAD and KEPHART, JJ. Affirmed.

Indictment for larceny as bailee. Before HASSLER, J.

The court charged as follows:
Gentlemen of the jury: The defendant here is charged with larceny as bailee. The indictment charges that,

being the bailee of two promissory notes signed by
Schultz & Son and payable to C. H. A. Dissinger &
Bro. Co., a corporation, he appropriated these notes
to his own use. In order to convict him you must be
satisfied that he was the bailee of these notes and also
that he converted them to his own use, and you must
further be satisfied that he did so convert them in
Lancaster county.

It has been testified to, on the part of the common-
wealth, that the notes were sent by Mr. Schultz, a
member of the firm of Schultz & Son, to the defendant.
He afterwards modifies his testimony by saying he is
not certain whether he sent them to the defendant or
to C. H. A. Dissinger Bro. & Co. It has been testified
by Mr. Gernerd and Mr. Kratz that, in Allentown,
the defendant admitted the notes were received by
him. On the part of the commonwealth it is also testi-
fied that the notes were sent for the purpose of renewing
two notes, of which the prosecutor was the maker, then
in the Wrightsville National Bank. Those notes be-
came due on November 30, and these notes which they
say were sent as renewal notes were dated December 2.

Now if these notes were sent to renew those notes,
and sent to the defendant and received by him, then
there is a bailment. That is, he received the notes
and had them in his possession for a certain purpose,
and that constituted a bailment. The defendant says
he did not receive the notes. He says that they were
brought to the office by Mr. Schultz, one of the firm,
and that they were left there, not for the purpose of
renewing other notes, but for the purpose of raising
money. He testifies that on November 11, or at least
some time before the other notes came due, he wrote
a letter to the prosecutors, telling them that the Wrights-
ville bank would no longer accommodate their customers,
but that they had made an arrangement with a New
York institution to raise whatever money was neces-
sary there, and he says the notes were left at the office,

not in the defendant's custody, but in the office of the corporation, and that they were left there, not for the purpose of renewing the notes then in the Wrightsville bank, but for the purpose of raising money from the New York institution.  Now if you believe either that the notes were not left in the defendant's custody, but left in the office of the company, and that they were left there not for the purpose of renewing the notes in the Wrightsville bank, but for the purpose of raising money from the New York institution, then there was no bailment, and the verdict would have to be in favor of the defendant.  [If you find there was a bailment, then the commonwealth has made out the first essential element of its case.] [2]

[If you find there was a bailment, you must next ascertain whether or not the defendant appropriated the goods bailed, that is, the notes, to his own use.  The testimony on this is, the admission made by the defendant in Allentown, in the presence of Mr. Gernerd and Mr. Kratz, who have both testified to it, that he did receive the proceeds of the notes, or at least that he did send the notes to the New York Alumni Association and got the money on them.  If you believe that, then the commonwealth has made out the second essential element of its case.] [3]  The defendant said he did not receive the proceeds.  He says he did not send the notes to New York.  He says they were sent to the New York Alumni Association from the office of Mr. Bair, and Mr. Bair also testifies to that.  Now if that is the case, if he did not send them but they were sent from the office and sent by the company, then there was no conversion on the part of the defendant, and he would have to be acquitted.  [If you find there was a bailment, as I have explained, and you find defendant did appropriate the notes to his own use, then the commonwealth has made out its case, and the defendant has committed the offense charged in the indictment.] [4]  You would then have to further

ascertain, or be satisfied from the testimony, that he committed the offense in Lancaster county. If he sent the notes from the Hotel Wheatland, as was testified to by Mr. Gernerd and Mr. Kretz that he said he did in Allentown, and as Miss Haldeman, his stenographer, also said there, then the offense was committed in Lancaster county, because the sending of the notes was the conversion of them. Mr. Bair testifies those notes were not sent from Lancaster, but were sent from the office at Wrightsville, which is in York county. Miss Haldeman says, since she made the statement which she admits having made in Allentown, she examined the letters and ascertained from them that the notes were not sent to New York from Lancaster, but were sent from the office in Wrightsville. Mr. Dissinger, the defendant, who also admits making a statement in Allentown, says that since having made it he has ascertained in the same way that Miss Haldeman did that the notes were sent from the office in Wrightsville. If this is a fact there can be no conviction, because the offense was committed in York county and not in Lancaster, if the offense was committed.

If after considering all the testimony you have any reasonable doubt of the defendant's guilt you must acquit him. If, therefore, you find first that the defendant was not a bailee of these goods, your verdict must be not guilty. If you find he was a bailee of them and did not appropriate them to his own use your verdict must be not guilty. [If you find that he was a bailee of the notes, and did appropriate them to his own use, and did so in Lancaster county, then your verdict should be one of guilty.] [5]  But if you find he was a bailee of the notes, and appropriated them to his own use, but did not do it in Lancaster county, and did do it in Wrightsville, York county, then your verdict should be one of not guilty, for want of jurisdiction, and you will state that in your verdict. If you find that he was a bailee of the notes, and appropriated

them to his own use, but did not do it in Lancaster county, having done it in York county, then you should say in your verdict we find the defendant not guilty for want of jurisdiction.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (2–5) above instructions, quoting them.

*John E. Malone*, with him *Charles G. Baker*, for appellant.—If the defendant was guilty of any crime it was larceny: Com. v. Pioso, 19 Lancaster Law Rev. 145.

See also Com. v. Yerkes, 119 Pa. 266; Lewer v. Com., 15 S. & R. 93; Com. v. Dehle, 42 Pa. Superior Ct. 300; Com. v. Perrine, 46 Pa. Superior Ct. 637.

The testimony showing that the notes were converted in York county there could be no conversion in Lancaster county.

In Reynolds v. State, 47 Atl. Repr. 644, it was held that a failure to pay over at a definite time fixed by agreement is sufficient evidence of conversion without a demand.

*Chas. W. Eaby*, assistant district attorney, with him *John M. Groff*, district attorney, for appellee.—The crime is larceny when the intent to convert existed in the beginning and larceny as bailee where it was formed after possession: Henwood v. Com., 52 Pa. 424.

Here the attempt to renew showed that the intent was formed after possession and a conviction of larceny would have been erroneous: Krause v. Com., 93 Pa. 418; Com. v. Dehle, 42 Pa. Superior Ct. 300; Com. v. Chatham, 50 Pa. 181; Com. v. Smith, 1 Clark, 400.

The mailing of the notes from Lancaster county fixed the jurisdiction in which the crime was committed.

OPINION BY HEAD, J., February 24, 1915:

A concise statement of the facts as they have been established by the verdict of the jury will readily disclose the legal questions involved in this appeal.

On July 31, 1911, the firm, of which the prosecutor is a member, executed and delivered to the corporation, of which the defendant is an officer, two promissory notes, one for $1,020, the other for $720. They matured in four months from that date. The defendant's company had these two notes discounted by the First National Bank of Wrightsville, York county. When they were about to mature the defendant prepared and sent to the makers two notes in the same amounts, with a request that they be executed and promptly returned to him. This was done to enable him to take up and renew the notes which had been discounted. For that purpose, and for that purpose only, this defendant received those notes. After receiving them he went to the bank and sought to renew the obligations which had become due. In this effort he was, of course, carrying out, or attempting to carry out the purpose for which the notes had been made and put into his possession. The bank, however, declined the offer of renewal and insisted the original notes be paid. The defendant retained the two notes in his possession for several days, made no report to the makers of his inability to secure the renewals, and then went to the city of Lancaster where he mailed the notes to an association in New York City and received from that company checks for a considerable portion of the face value of the notes. Upon ascertaining these facts, the makers of the two notes last referred to started this prosecution, as a result of which the defendant has been convicted of the offense of larceny by bailee.

As to many of the facts to which we have referred, there was quite a conflict of evidence. In every such case the question was fairly submitted to the jury by the learned trial judge, and the verdict has answered

each of such questions adversely to the contention of the defendant. It is now argued for the defendant, as the first legal proposition, that if he was guilty of any crime under the facts stated, the offense was larceny, and not larceny by bailee. The argument advanced is, that where one secures the possession of the personal property of another by trick, artifice or cunning, and then converts it, the offense is larceny. As a result of the application of that legal principle to the facts established, it is urged that when the defendant prepared and sent to the prosecutor the two notes in question on the pretense that he would use them to renew the outstanding ones, he secured possession of the owner's property either by trick and artifice, or by a false representation as to the use that would be made of them. Under these circumstances it is argued that although he might be guilty of larceny or of false pretense, he would not be guilty of the offense charged, namely, larceny by bailee. Such argument fails to give due significance to the important facts established by the verdict. There is no evidence that when the defendant prepared the notes and sent them to the prosecutor for execution, he intended to do aught else with them than to use them, as the makers intended they should be used, in renewing the maturing obligations. Whatever may have been secretly in the mind of the defendant, every act performed by him thus far in the transaction was a perfectly legitimate one and referable to a motive wholly innocent. The jury were warranted then in reaching the conclusion that the defendant did not obtain possession of the two notes either by trick, artifice or false representation. Such a conclusion became almost inevitable in the light of the further fact, that upon the receipt of the notes, the defendant took them to the bank and made an apparently honest effort to accomplish the object for which they had been placed in his hands. It does not appear that prior to that time he had any knowledge they would be declined by the bank, and

therefore his act in offering them was naturally and properly considered by the jury as satisfactory evidence of his good faith down to that time.

But it is further urged that if the offense charged in the indictment was committed by the defendant, the conversion of the property of the prosecutor occurred in York county and therefore the offense was not triable by the quarter sessions of Lancaster county. In support of this it is argued that when the defendant failed in his effort to use the notes properly, the fact that he retained the possession of them and did not return them promptly to the owners amounted to a conversion. Even if we concede, for the sake of the argument, that the mere retention, for a few days, of the possession which had been lawfully acquired might be regarded as evidence of an intent to convert, such retained possession could much more naturally be ascribed to any one of many innocent reasons. It is a safer proposition to hold the law cannot deal with a purely mental attitude. It must await the performance of some overt act indicative of the state of mind which prompted it. The inquiry then in the present case would only be, when and where did the defendant first perform an act that was not consistent with an honest intent to return the notes to the makers but on the contrary was clearly expressive of a design to break away from his obligation as a bailee and convert the property of another to his own use? If from the hotel in Lancaster city he wrote the letter and there mailed it, which carried these notes to the party in New York who discounted them, he then and there performed an act entirely inconsistent with an intent to keep within the law and his duty and stepped across the line which marks the boundaries of guilt and innocence in such a transaction. The defendant, on this point, offered evidence tending to prove that the notes were sent to New York, not from the city of Lancaster, as the commonwealth claimed, but from York county. The learned trial judge could not do otherwise than

submit this question to the jury, and this he did under instructions, the fairness of which could not be and is not challenged. With that fact found, there is no longer room for argument that the court in Lancaster county was without jurisdiction of the offense.

Every necessary ingredient of the offense charged has been thus proven by evidence which the jury has determined to be true, and we are unable to discover, either in the conduct of the trial or the legal conclusions reached by the learned trial judge, any reversible error. All of the specifications of error are therefore overruled.

The judgment is affirmed, and it is ordered that the defendant appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it that had not been performed at the time this appeal became a supersedeas.