## Kuntz, to use, et al. *v.* Alliance Sand Company et al., Appellants.

Argued December 12, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*A. Albert Gross,* for appellants.

*Geo. F. Coffin, Jr.* and *Robert Ungerleider,* 'for Z. Kuntz, appellee.

*M. Louise Rutherford,* Deputy Attorney General, with her *S. H. Torchia, Ralph H. Behney* and *James H. Duff,* Attorney General, for Commonwealth, appellee.

OPINION BY RENO, J., January 25, 1945:

The compensation authorities found that claimant entered defendant's employ on November 19, 1935, and continued therein until February 29, 1940, when he became totally disabled by silicosis contracted in defendant's quarry and sand crushing business. Accordingly, having ascertained that claimant had been exposed to a silica hazard for more than four years during a period of eight years next preceding the date of disability, the authorities awarded compensation in the statutory maximum sum of $3,600 divided between the original claim and the claim of his widow, the claimant having died during the pendency of his claim. The exposure having continued for less than five years, the

awards were made solely against the employer. The employer's contention that the Commonwealth is obliged to pay one-half of the awards was overruled by the referee, the board, and the court below, and this is the sole question presented by the appeal of defendant and its insurance carrier.

The contention is founded upon the punctuation of the Occupational Disease Act of June 21, 1939, P. L. 566, §308(a), 77 PS §1408: "When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall be paid jointly by the employer and the Commonwealth, in accordance with the following provisions: If disability begins between October 1, 1939, and September 30, 1941, both dates inclusive, the employer shall be liable for and pay fifty per centum of the compensation due and the Commonwealth fifty per centum thereof ......" Appellants argue that the absence of a comma between "disease" and "which" indicates a legislative intent to confine the five year requirement to "any other occupational disease", and that the Commonwealth is jointly liable with the employer for all compensable cases of silicosis, anthraco-silicosis and asbestosis.

The short and complete answer to the argument is that no significance attaches to the punctuation of a statute. The legislature does not enact the punctuation which appears in the printed statutes. Bills introduced in the legislature may contain punctuation marks but they are entirely deleted by the printer. The printed bills which the legislature considers and passes and the Governor approves are totally devoid of punctuation marks. They are inserted later in the office of the Secretary of the Commonwealth when copies of the laws

are prepared for the printer of the Pamphlet Laws, but they have no legislative sanction. For these reasons the legislature has expressly commanded that its intention shall not be controlled or affected by the punctuation. Statutory Construction Act of May 28, 1937, P. L. 1019, §53, 46 PS §553. *Com. v. Bienkowski*, 137 Pa. Superior Ct. 474, 9 A. 2d 169. Reading the cited section, without punctuation, as it left the legislature and the Governor, the relative phrase, "which developed to the point of disablement only after an exposure of five or more years" clearly applies not only to "any other occupational disease" but as well to the preceding clause specifying certain dust diseases. Cf. *Morris v. Glen Alden Coal Co.*, 136 Pa. Superior Ct. 132, 7 A. 2d 126.

Appellants suggest that if the legislature intended that the specific diseases should be treated in the same way as other occupational diseases there was no occasion for mentioning the specific diseases since they were already included within the statutory definition of occupational diseases, and that its purpose could have been accomplished by simply providing that compensation should be awarded for any occupational disease which developed to the point of disablement after an exposure of five or more years. From this premise, it is argued that there is thus manifested a legislative intent to place the specified and the miscellaneous diseases in different categories, and that therefore the five year requirement applies only to the latter. But this argument fails to take into account that the specified diseases, silicosis, anthraco-silicosis and asbestosis, are treated differently in preceding sections (e. g. §301) of the Act. For reasons which President Judge KELLER has clearly and comprehensively stated in *Rando v. State Workmen's Ins. Fund*, 145 Pa. Superior Ct. 386, 21 A. 2d 530, these diseases were distinguished from other occupational diseases in the Act of July 2, 1937, P. L. 2714. See also *Reichert v. Penna. R. R. Co.*, 156

Pa. Superior Ct. 213, 40 A. 2d 158. The same reasons have operated to preserve the special class in subsequent legislation. Having placed these diseases in a separate category in prior Acts, and in preceding sections of the Act of 1939, the legislature, for the purpose of clarity and emphasis, carried the category into §1408, and thus made the specified diseases subject to the same conditions applicable to other occupational diseases. Had it failed to do so, there might have been room for the contention that, since the specified diseases were treated as a special class in other sections of the Act, they were not meant to be included in general terminology in §1408. So considered, the words of the section, so far from supporting appellants' argument, really sustain the construction here declared. We find the words of the section plain, clear and unambiguous, and we have no doubt that the legislature intended that the Commonwealth should be liable for a portion of an award for compensation in a silicosis case only when it developed after an exposure of five or more years.

Judgments affirmed.