## Commonwealth *v.* Sarricks, Appellant.

578

Argued November 19, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Herman Lipsitz,* for appellant.

*Artemas C. Leslie,* District Attorney and *Charles B. Jarrett,* Assistant District Attorney, for appellee.

OPINION BY ARNOLD, J., January 8, 1948:

Appellant was found guilty and sentenced in the court of quarter sessions on indictment that he contributed to the delinquency of a named female child under the age of eighteen years. The defendant testified that he frequently had sexual intercourse with her, but at a time when she was past sixteen years of age although under eighteen years. The jurisdiction of the juvenile court had attached to the minor before the instant trial.

(1). Appellant alleges that the jurisdiction of this misdemeanor was in the Juvenile Court of Allegheny County and not in the Court of Quarter Sessions. This question was answered adversely to the appellant in *Commonwealth v. Lash,* 151 Pa. Superior Ct. 601, 30 A. 2d 609.

(2). It is alleged that §418 (11 PS §269-418) of the Juvenile Court Law of Allegheny County, making it a misdemeanor to contribute to the delinquency of a "child" has not been amended since the original enactment in 1933 (11 PS §269-1 et seq.). Appellant therefore contends that when in 1939 §1 was amended to define a child as a person *under eighteen years of age,* and did not amend §418, the offense proscribed under the latter section must be restricted to a child under sixteen years of age, i. e., the definition in the original enactment. No authority is cited for such a proposition. The offense is contributing to delinquency. The delinquency is referable to a person, and the person could be either an adult or a child (minor), as the Legislature chose. The Legislature determined to confine it not merely to a minor but to a child, and delimited the word "child". It was not necessary in the amendment of 1939 to repeat the definition of child (as one under eighteen) in §418. "Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and *the remainder of the original law and the amendment shall be read together*

*and viewed as one law passed at one time; . . ."* (Emphasis supplied) : Statutory Construction Act, §73 (46 PS §573) ; *Commonwealth v. Gross,* 145 Pa. Superior Ct. 92, 95, 21 A. 2d 238; *Bethlehem School District Appeal,* 351 Pa. 433, 41 A. 2d 713.

(3). Defendant asserts that the child told him that she was over eighteen, and that he believed her, and that the jury should have been instructed to acquit him if it found his belief to be reasonable and bona fide. The appellant was not entitled to such a charge for the offense was malum prohibitum only, and defendant's motive, intent, reasonableness or good faith were not ingredients of the offense: *Commonwealth v. McGuire and Brennan,* 88 Pa. Superior Ct. 155; *Commonwealth v. Jackson,* 146 Pa. Superior Ct. 328, 22 A. 2d 299, aff. 345 Pa. 456, 28 A. 2d 894. As to many offenses this is true, as in sales of liquor to minors (under the Brooks High License Law) : *In re License to C. M. Carlson,* 127 Pa. 330, 18 A. 8, and under the present Liquor Control Act: *Commonwealth v. Borek,* 161 Pa. Superior Ct. 200, 54 A. 2d 101. Even in prosecutions for the felony called statutory or consensual rape, neither the belief of the defendant, nor the misrepresentation of the female, as to her age, constitutes a defense: 44 Am. Jur., Rape, §41; 52 C. J., Rape, §51.

(4). Defendant also contends that his bona fide belief as to the age of the child is made a defense because of the second paragraph of §418. The first paragraph is badly punctuated, but under §53 of the Statutory Construction Act (46 PS §553), in part: "In no case shall the punctuation of a law control or affect the intention of the Legislature in the enactment thereof." See *Kuntz, to use, et al. v. Alliance Sand Company,* 156 Pa. Superior Ct. 563, 40 A. 2d 864; *Commonwealth v. Bienkowski,* 137 Pa. Superior Ct. 474, 9 A. 2d 169. A semicolon instead of a comma should appear after the phrase "Any person who contributes to the delinquency of any child." As thus punctuated the sentence, in part,

reads: "Any person who contributes to the delinquency of any child; or who knowingly assists or encourages any child . . . in violating his or her parole or order of said court, shall be guilty of a misdemeanor . . ." Thus two offenses are proscribed by §418. The first is malum prohibitum: contributing to the delinquency of a child. The second offense consists of *knowingly* assisting or encouraging any child to violate an order of the juvenile court: and since the word "knowingly" is used, motive, intent, knowledge, bona fides, etc. are ingredients.

The second paragraph of the same section reads: "In trials . . . upon charges of violating provisions of this section, knowledge of the delinquent child's age, and of the court's orders and decrees concerning such child, shall be presumed in the absence of satisfactory proof to the contrary." This creates a presumption of fact. The paragraph purposely does not provide that lack of knowledge of the child's age or the orders of court shall constitute a defense. It merely supplies a presumption of fact that the defendant *knowingly* committed the offense (of encouraging or assisting the child to violate a court order) by presumptive proof of his knowledge of the age of the child and of the order itself. In the juvenile court no general index in the name of the juvenile and none of the orders and decrees are open to public inspection; and it was therefore very fitting that the statute gave to the commonwealth the benefit of a presumption of fact as to the defendant's knowledge of the age of the child and the orders and decrees. The paragraph in question cannot relate to a malum prohibitum offense, i. e., contributing to the delinquency of a child, unless the act makes lack of knowledge a defense clause was enacted in aid of the commonwealth and not (as distinguished from a presumption of fact). The in aid of the defendant.

(5). Error is assigned that the court did not define delinquency to the jury. Section 1 of the act defines

"delinquent child", inter alia, as "a child (a) who violates any law of the State." When the child here committed fornication with the defendant, both violated the law. Fornication has been an offense for centuries and was a violation of the law both before and since the Penal Code of 1860, as well as the Penal Code of 1939. Whenever a defendant is charged with inducing a minor under the age of eighteen to commit an act which is a self-evident and well known violation of the law, it is unnecessary to define this type of delinquency unless the defendant requests such instructions. Here the defendant admitted that the minor violated the law, and acknowledged his complicity in the transaction. The omitted instruction to the jury could have added nothing. Where the offense of the minor does not constitute a violation of the law which is a matter of common knowledge, such instruction might be required.

Defendant also appeals (No. 93 April Term, 1948) from a suspended sentence on a conviction of adultery in the same transaction. Since he admitted that crime, the appeal is without merit. In addition, ordinarily a suspension of sentence is not a final judgment from which an appeal lies: *Commonwealth v. Mellon,* 81 Pa. Superior Ct. 20; *Commonwealth v. Lipschutz,* 89 Pa. Superior Ct. 142; *Commonwealth v. Cauffiel,* 97 Pa. Superior Ct. 202. While exceptions exist as to this rule: *Commonwealth v. Trunk et al.,* 311 Pa. 555, 567, 167 A. 333, this case is not one of them.

The appeal No. 93 April Term, 1948, from the order suspending sentence on the defendant to No. 303 May SS 1946, in the Court of Quarter Sessions of Allegheny County, is dismissed.

In the appeal No. 94 April Term, 1948, from the judgment and sentence of the Court of Quarter Sessions of Allegheny County to No. 304 May SS 1946, on the indictment charging contributing to the delinquency of a child, the assignments of error are overruled, the

judgment of the court below is affirmed, and defendant is directed to appear in the court below at such time as he may be there called; and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.