Opinion
 
 by
 

 Beño, J.,
 

 Appellants, husband and wife, separately appealed from convictions for larceny. The court below overruled their motions for new trials and arrest of judgment. The husband was sentenced to pay a fine of $50 and make restitution. Sentence was suspended in the wife’s case.
 

 The case arose out of a real estate transaction. By a written instrument appellants agreed to sell their farm to the prosecutor and his wife.
 
 [1]
 
 The agreement did not include any personal property but it did cover: “All buildings, plumbing, heating, lighting fixtures, screens, storm sash, shades, blinds, awnings, shrubbery and plants.” The purchasers took possession on June 14, 1946, and discovered that certain articles which had been on the premises at the time the agreement of sale was executed were missing. They were a commode Avhich had never been attached and lay on the back porch in its shipping crate, an unattached Avashstand which had been stored in a bedroom, a hay carriage used in the barn, an
 
 *18
 
 electric stove cord extending from the switch box in the cellar to the kitchen, and 30 or 35 peach trees.
 
 [2]
 
 These articles were charged in the indictment as subjects of the larceny.
 

 The Commonwealth contended that the articles which were not covered by the written contract had been sold by an oral agreement between the parties. Appellants denied the oral agreement; denied the sale of the personal property; denied taking the trees; admitted they took the hay carriage; and as to all the articles which they took they contended that they were taken under a claim of right and therefore not feloniously. The jury found against them and, although they contend that the evidence is not sufficient in law to sustain a conviction, we shall assume, for the purpose of this decision, that the testimony established a
 
 sale
 
 of the personal property by appellants to the prosecutor and his wife. That is, that appellants sold but failed or refused to deliver the goods to the purchasers. Are sellers who refuse or fail to deliver goods sold to their purchaser guilty of larceny?
 

 Based upon respectable authority,
 
 [3]
 
 the accepted rule has been thus stated in 52 C. J. S., Larceny, §44 (b) : “A seller of chattels who, after receipt of the purchase price, refused to deliver them to the buyer is not guilty of their larceny, since he has never parted with the pos
 
 *19
 
 session, and, where the possession of a chattel never passed to the purchaser thereof, even though the seller may have been holding it under the purchaser’s consent, the seller may not be held guilty of larceny thereof.” Appellants had possession of the goods, not mere custody of them. The evidence indicates that they were allowed to retain possession without trick or artifice and without fraudulent intent to convert them.
 
 [4]
 
 Presumably title passed upon payment of the purchase price; nevertheless appellants had lawful possession thereafter. “One who is in lawful possession of the goods or money of another cannot commit larceny by feloniously converting them to his own use, for the reason that larceny, being a criminal trespass on the right of possession, . . . cannot be committed by one who, being invested with that right, is consequently incapable of trespassing on it”: 52 C. J. S., loe. cit., §31; and see §1.
 

 An extensive research failed to uncover a Pennsylvania case in which the rule was applied to a factual situation similar to that at bar. But the principle has been recognized; e.g., in
 
 Com. v. Quinn,
 
 144 Pa. Superior Ct. 400, 408, 19 A. 2d 526, this Court approved instructions to a jury wherein it was said: “But a person may come into possession of somebody else’s property in a legal way and if he, being so in possession of the property in a legal way converts it to his own use or withholds it from the owner so that the owner is deprived of the use thereof which he should have, then, though the defendant could not be guilty of larceny because he received it legally, he may be guilty of fraudulent conversion because after having received it he has deprived the owner of his use of it.”
 

 
 *20
 
 In Chief Justice Shars wood’s edition of the famous and authoritative treatise, “Bussell on Crimes”, (Vol. 2, p. 288) there appears an analysis of an English case which is an illustrative example of the rule. It merits verbatim quotation: “Upon an indictment for larceny, it appeared that the prisoner had been the owner of the property alleged to be stolen, but being in difficulties had arranged with the prosecutors, who were • creditors, to execute an assignment to trustees for the benefit of his creditors, and that a deed of assignment was executed by him, whereby he assigned to the prosecutors as trustees, amongst other things, the property in question. No manual possession of the property was taken by the prosecutors prior to its removal by the prisoner, but he remained in possession after the execution of the deed in the same manner as before. The prisoner in the night time removed property conveyed by the deed, including the articles mentioned in the indictment, and hid them in the house of one of his workmen. The jury found that the prisoner removed the property with intent fraudulently to deprive the parties beneficially entitled under the deed of the goods, but that he was not in the care and custody of the goods as the agent of the trustees; and, upon a case reserved after a verdict of guilty, it was held that the jury, having expressly found that the prisoner was not in the care and custody of the goods as the agent of the trustees, this clearly negatived a bailment, and that was the only way in which the case could be put on the part of the prosecution. The prisoner, therefore, being in lawful, possession of the goods, could not be convicted of larceny.”
 

 As suggested, appellants may have been guilty of fraudulent conversion, or of larceny by bailee
 
 if
 
 the theory is accepted that a vendor retaining possession of goods sold by him becomes constructively a bailee of the purchaser, and criminally culpable for failure to
 
 *21
 
 deliver them to Mg purchaser. Cf.
 
 Com. v. Chathams,
 
 50 Pa. 181. See 32 Am. Jur., Larceny, §57; 6 Id., Bailments, §§66, 131. Appellants were indicted for larceny only, and of that they clearly were not guilty. This disposition of the case renders unnecessary examination of appellants’ specification of numerous trial errors.
 

 Ordinarily an appeal may not be taken in a case where sentence has been suspended. But the rule is not inflexible and it will not be followed where basic rights are involved.
 
 Com. v. Ragone,
 
 317 Pa. 113, 176 A. 454;
 
 Com. v. Trunk,
 
 311 Pa. 555, 167 A. 333. To reverse the husband’s conviction and allow the wife to rest under the stigma of a verdict of guilty in a felony case would be manifestly unjust. Accordingly the reversal will apply to both.
 

 Judgments and sentences reversed and appellants discharged without day.
 

 [1]
 

 The agreement was executed March 20, 1946. Settlement was to be made May 20, 1946; possession to be given “30 days after completion of deal.” The deed was delivered on May 14,. 1946.
 

 [2]
 

 Appellants were not indicted under The Penal Code of June 24, 1939. P.
 
 L.
 
 872, §811, 18 PS §4811, for stealing “any kind of property whatsoever growing or being on the land of another.” Under an indictment charging only larceny appellants could be convicted of taking the trees only on proof that the severance from the soil and the asportation were not “one and the same continuous act.”
 
 Com. v. Steimling,
 
 156 Pa. 400, 407, 27 A. 297. This view was not presented to the court below, and the jury received no instructions in regard to it.
 

 [3]
 

 Citing
 
 Love v. State,
 
 78 Ga. 66, 3 S. E. 893;
 
 Decker v. State,
 
 130 Tex. Cr. 327, 94 S. W. 2d 438. See also
 
 Henderson v. State,
 
 79 Ark. 333, 96 S. W. 359, and annotations, 10 I/RA (NS) 816.
 

 [4]
 

 Cf.
 
 Lewer v. Com.,
 
 15 S. & R. 93;
 
 Com. v. Eichelberger,
 
 119 Pa. 254, 13 A. 422;
 
 Com. v. Yerkes,
 
 Id., p. 266;
 
 Henwood et al. v. Com.,
 
 52 Pa. 424;
 
 Com. v. Dissinger,
 
 59 Pa. Superior Ct. 247;
 
 Com. v. Brandler,
 
 81 Pa. Superior Ct. 585.