Commonwealth *v.* Moore, Appellant.

28

Argued September 29, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Willis A. MacDonald,* for appellant.

No argument was made nor brief submitted for appellee.

PER CURIAM, November 12, 1952:

Defendant was tried in the Court of Oyer and Terminer of Butler County on three bills of indictment

which charged (1) assault with intent to ravish; (2) indecent assault; and (3) contributing to the delinquency of a minor. He was acquitted on the first two charges, and found guilty of the third—contributing to the delinquency of a minor. The court thereupon directed the defendant "to pay the costs of prosecution, and further sentence suspended." Defendant has appealed.

The appeal will be quashed. We have held that where a defendant is convicted of a criminal offense and sentence is suspended, there is no judgment to support an appeal. *Com. v. Mellon,* 81 Pa. Superior Ct. 20; *Com. v. Lipschutz,* 89 Pa. Superior Ct. 142; *Com. v. Torr,* 111 Pa. Superior Ct. 178, 169 A. 238. See Note, 126 A.L.R. 1210. While this rule is not an inflexible one and will yield in exceptional cases to prevent injustice to a defendant (*Com. v. Trunk,* 311 Pa. 555, 167 A. 333; *Com. v. Ragone,* 317 Pa. 113, 176 A. 454; *Com. v. Haines,* 130 Pa. Superior Ct. 196, 196 A. 621; *Com. v. Tluchak,* 166 Pa. Superior Ct. 16, 21, 70 A. 2d 657), the facts of this case do not fall within any of the recognized exceptions. See *Com. v. Sarricks,* 161 Pa. Superior Ct. 577, 56 A. 2d 323.

Furthermore, the order of the court directing payment of costs does not save defendant's appeal. In *Com. v. Cauffiel,* 97 Pa. Superior Ct. 202, at page 205 (appeal refused 298 Pa. 319), under like circumstances, this Court said: "The orders of the court directing the defendant to pay the costs of prosecution and suspending sentence were not sentences within the meaning of the law: Com. v. Hamel, 44 Pa. Superior Ct. 464; Com. v. Dunleavy, 16 Pa. Superior Ct. 380. The liability of a defendant for costs is not a part of the penalty imposed by the statutes which provide for the punishment of these offenses. Such liability is an incident of the judgment, arising out of our statutes providing

for the payment of costs in criminal proceedings: PORTER, J., in Com. v. Hamel, supra. Until there is a sentence upon a bill no appeal lies."

The appeal is quashed.