Commonwealth *v.* Heintz, Appellant.

Argued September 24, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

C. *Norwood Wherry,* with him *Holl, Tayloe & Holl,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Raymond R. Start,* District Attorney, and *J. Harold Hughes,* First Assistant District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 13, 1956:

Henry Heintz was convicted by a jury of cheating by false pretense and of fraudulent conversion. The court suspended sentence on the charge of fraudulent conversion but sentenced the defendant to the penitentiary on the charge of cheating by false pretense.

The defendant had been previously convicted and a new trial granted by the court below. At the second trial the defendant was not represented by counsel, but after he was found guilty, the court appointed counsel who made motions for a new trial and in arrest of judgment. The court below dismissed the motions, and the defendant has appealed to this Court.

The defendant was engaged in the heating and oil burner business in Chester. From the evidence the jury could properly find that on July 29, 1954, he obtained $200 from Mrs. Albina Aperio upon his promise to purchase heating plant equipment for installation in the house which she and her husband had purchased shortly before that time. On September 9, 1954, the defendant told Mrs. Alperio that he had spent the $200 for the purchase of the heating equipment for her home, but needed $200 more to purchase additional equipment. Although he dismantled and removed the old furnace, which was in the house, he never delivered any heating equipment except an oil tank valued at approximately $40.

The evidence showed that after the defendant's arrest he gave the magistrate the names of merchants with whom he said he had spent the first $200 for heating equipment, but these merchants testified that they had not made these sales to the defendant. From this and other evidence the jury could well conclude that the defendant misrepresented an existing fact, to wit, that he had heating equipment which he had purchased for Mrs. Alperio with her $200, when in fact he did not have such equipment.

The Criminal Code of June 24, 1939, P. L. 872, §836, as amended, 18 PS §4836, provides that "Whoever, by any false pretense, . . . obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, . . . is guilty of a felony . . ."

In a strict interpretation of the same language contained in Section 111 of the Act of March 31, 1860, P. L. 382, this Court held in *Com. v. Mauk,* 79 Pa. Superior Ct. 153 (1922) that the "false pretense" had to be a false assertion of an *existing* fact.

As pointed out above the appellant did misrepresent an existing fact when he asserted that he had on hand heating equipment purchased with money given him, when in fact he had not purchased such equipment and did not have it on hand, and that this misrepresentation induced her to give him the second $200.

The appellant argues that the indictment does not charge a *specific* false pretense. It charges the obtaining of $400 from Albina Aperio on July 29. Appellant contends that even if he could be guilty of criminally obtaining the second $200 on September 9, he could not be guilty of criminally obtaining the first $200 on July 29.

The District Attorney admits the indictment was not artistically prepared, but there was no motion to quash it. The defendant upon entering his plea waives formal defects in the indictment. *Com. ex rel. Lieberman v. Smith,* 152 Pa. Superior Ct. 1, 3, 30 A. 2d 625 (1943).

It has frequently been held that the Commonwealth is not bound by the date set forth in the bill of indictment, but can show any date within the statutory period and prior to the finding of the indictment, except in cases where time is of the essence of the offense. *Com. v. Grove,* 91 Pa. Superior Ct. 553, 556 (1927); *Com. v. Major,* 198 Pa. 290, 47 A. 741 (1901); *Com. v. Morrison,* 180 Pa. Superior Ct. 121, 126, 118 A. 2d 258 (1955).

The appellant contends that it was error to admit the testimony of five Commonwealth witnesses who told of deals with the defendant in which he accepted money from them to install heating equipment, made certain representations concerning the obtaining of the equipment and then failed to install or acquire the heating equipment or to return the money paid for the purchase and installation.

In charging the jury the trial judge stated concerning this testimony as follows: ". . . the only use you may make of that information is: Does it show a plan which, superimposed on this present case, shows the intent on the part of this defendant to defraud."

The general rule is that on a prosecution for a particular crime, evidence which shows or tends to show that accused has committed another crime wholly independent of, and unconnected with, that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. *Com. v. Boulden,* 179 Pa. Superior Ct. 328, 332, 116 A. 2d 867 (1955). There

are, as we there pointed out on pages 336, 337 numerous exceptions to this rule. Among these exceptions is the admission of such evidence to show the criminal intent of the defendant. *Com. v. Rink (No. 1)*, 71 Pa. Superior Ct. 579, 584 (1919) ; *Com. v. Bell*, 288 Pa. 29, 35, 135 A. 645 (1927) ; *Com. v. Luccitti*, 295 Pa. 190, 197, 145 A. 85 (1928) ; *Com. v. Elias and Johns*, 76 Pa. Superior Ct. 576 (1921) ; *Com. v. Huster*, 118 Pa. Superior Ct. 24, 31, 178 A. 535 (1935).

To prove the defendant's guilt the Commonwealth had to establish that the defendant *intended* to defraud when he obtained the money. For this purpose the testimony of the five Commonwealth witnesses was admissible. If its only purpose was, as stated in the charge of the court in the *Boulden* case, to establish "that the defendant was a person of the type who would or could under the same circumstances commit the acts charged against him . . . who would have . . . a moral trait . . ." the evidence would not be admissible, as such evidence is never admissible if its *sole* purpose is to show defendant's depravity or criminal propensities. It is, however, admissible to show the criminal *intent* to defraud. Here the evidence was admissible to show that when the defendant received the second $200 he intended to defraud Mrs. Aperio, and that his failure to purchase and install the equipment was not the result of some misfortune or error.

It is argued that the testimony of these witnesses did not establish facts which constituted a crime. They did, however, *tend* to show fraudulent conduct and were thus admissible for showing the intent to defraud in this case.

The appellant argued a point which relates solely to the fraudulent conversion conviction. He was not sentenced for this offense and unless there is some rea-

son to hold otherwise an appeal lies only from the judgment of sentence. *Com. v. Mellon,* 81 Pa. Superior Ct. 20, 22 (1923) ; *Com. v. Cauffiel,* 97 Pa. Superior Ct. 202, 206 (1929) ; *Com. v. Sarricks,* 161 Pa. Superior Ct. 577, 582, 56 A. 2d 323 (1948) ; *Com. v. Moore,* 172 Pa. Superior Ct. 27, 29, 92 A. 2d 238 (1952) ; *Com. v. Wright,* 383 Pa. 532, 535, 119 A. 2d 492 (1956).

An appeal will be allowed from a suspended sentence if great injustice would be done to the defendant by not allowing it. *Com. v. Trunk,* 311 Pa. 555, 167 A. 333 (1933) ; *Com. v. Ragone,* 317 Pa. 113, 176 A. 454 (1935). Here we are sustaining the defendant's conviction of a felony. Therefore, unlike in the case of *Com. v. Tluchak,* 166 Pa. Superior Ct. 16, 21, 70 A. 2d 657 (1950), the defendant suffers little *stigma* as a result of the verdict of guilty on another felony growing out of the same transaction.

If we were to grant a new trial or discharge the defendant on the charge of false pretense we would consider the appeal in the fraudulent conversion case. See *Com. v. Haines,* 130 Pa. Superior Ct. 196, 196 A. 621 (1938) ; *Com. v. Tluchak,* supra; *Com. v. Ragone,* supra; *Com. v. Trunk,* supra. As there is no reason to make an exception to the general rule in this case, the appeal from the suspended sentence should be quashed.

The judgment of sentence on the charge of false pretense entered to No. 535 September Sessions, 1955 is affirmed, and it is ordered that appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.