## Commonwealth *v.* Fisher, Appellant.

Argued June 19, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

Before GREEVY, J.

*Edward H. Fisher,* appellant, in propria persona.

*John P. Campana,* Assistant District Attorney, with him *George M. Hess, Jr.,* District Attorney, for appellee.

OPINION BY GUNTHER, J., September 11, 1958:

This appeal is from an order of the court below denying defendant's motion for a new trial.

Edward H. Fisher was charged with operating a motor vehicle after his operator's license had been suspended. He was indicted for violation of section 620-(h) of The Vehicle Code and was found guilty, by a jury, on May 14, 1957. A new trial was refused and

Fisher was sentenced to pay a fine of $250, the costs of prosecution, and undergo imprisonment in the County Prison of Lycoming County for a period of thirty days.

The prosecution was instituted by a Pennsylvania State Policeman who testified that he was patrolling Route 84 in Lycoming County when he saw a truck parked on the opposite side of the road with an illegal inspection sticker thereon. He stated that he turned around and followed the truck; that Fisher was driving but that he could not overtake him due to a turnoff. He next saw the truck at a farm. Upon questioning, Fisher refused to answer except to give his name. The officer's testimony was corroborated by Mrs. Clara Edler.

The defendant testified that the truck was parked on his lane adjoining Route 84. He denied driving the truck and his testimony was corroborated by his wife and two disinterested witnesses, all of whom testified that defendant's wife was driving at the time in question.

Defendant, in his argument, contends that the verdict was against the evidence; that the verdict was against the weight of the evidence; that there was an abuse of discretion by the trial court in refusing to withdraw a juror and in refusing to instruct the jury to ignore remark of the prosecuting attorney and that there was basic and fundamental error in the trial court's instruction to the jury.

The last point was not raised in the court below and will not be considered on this appeal. *Commonwealth v. Friday,* 171 Pa. Superior Ct. 397, 90 A. 2d 856.

The first point raised is based upon an affidavit of one of the members of the jury stating that the ver-

dict was rendered on defendant's past reputation rather than on the evidence. This point also contains no valid ground for reversal. See *Commonwealth v. Newcomer*, 183 Pa. Superior Ct. 432, 132 A. 2d 731.

The second point raises the question whether the verdict was against the weight of the evidence. A review of the record reveals that there is a definite contradiction between the testimony of the Commonwealth witnesses and that of the defendant. This contradiction involves the question of credibility and credibility of the witnesses is for the jury. If there is sufficient evidence to sustain a conviction our Appellate Courts will not disturb the judgment of the court below. *Commonwealth v. Collura*, 183 Pa. Superior Ct. 17, 128 A. 2d 101.

The evidence in this case, as presented by the officer and a corroborating witness establishes all the elements of a violation of section 620-(h) of The Vehicle Code.

The granting or refusal of a motion for a new trial in this case was within the sound discretion of the trial judge. Our examination of the record does not disclose any abuse of such discretion. *Commonwealth v. Ransom*, 169 Pa. Superior Ct. 306, 82 A. 2d 547; *Commonwealth v. Nestor*, 183 Pa. Superior Ct. 350, 132 A. 2d 369.

After due consideration of the point of law raised in the third question and other facts appearing in the records we fail to find any merit in this point to justify a reversal of the court below.

Judgment and sentence affirmed.