## Commonwealth *v.* Cobb, Appellant.

Argued September 22, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Leslie P. Hill,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

Edgar Cobb was charged under Section 732 of The Penal Code with neglect to support children born out of lawful wedlock. Act of June 24, 1939, P. L. 872, 18 P.S. 4732. He waived presentation of the bill of indictment to the grand jury, and entered a plea of not guilty. The trial jury returned a verdict of guilty, and sentence was imposed. The defendant thereafter filed a motion for a new trial, which motion was denied. This appeal followed.

650

The record discloses that the appeal was not filed in time,[1] and it must therefore be quashed: *Commonwealth ex rel. Nicosia v. Nicosia,* 184 Pa. Superior Ct. 440, 136 A. 2d 135. Since the Commonwealth did not raise this question, we will briefly discuss the merits. A review of the testimony appears in the following excerpt from the opinion filed by the court below pursuant to our Rule 43:

"The prosecutrix [a single woman] testified that she met the defendant in the fall of 1950 and had relations with him beginning 1951 at the apartment in which he lived at 748 North 19th Street, Philadelphia, and that she continued to have relations with him, with the exception of an interim from the latter part of June to the latter part of August, 1952, until after she became pregnant. When she learned that she was pregnant in October, 1952, she had a conversation with the defendant and when he refused to do anything, went to the home of a sister in North Carolina and assumed the financial burden of the birth of the children and supported them without entering a complaint or a charge against the defendant until she became ill in August 1954.[2]

"The twin children were exhibited to the jury and thereafter the Commonwealth closed its case. The defendant, Edgar Cobb testified that he only had relations with the prosecutrix on one occasion, in February 1952 and that he never saw her again until he was summoned to court. He denied her testimony that he had frequently called at her home and met her father

---

[1] Sentence was imposed on January 30, 1959. The motion for a new trial was denied on April 2, 1959. The certiorari was not issued until August 14, 1959.

[2] The children were born on May 8, 1953, and the complaint was made on August 19, 1954. See *Commonwealth v. O'Gorman,* 146 Pa. Superior Ct. 553, 22 A. 2d 596.

or that he had even picked her up at her place of employment.

"Kate Simpson testified on behalf of the defendant that she leased an apartment to the defendant at 748 North 19th Street. The defendant and his wife occupied the second floor and Mrs. Simpson also resided in the building. She only saw the prosecutrix with the defendant on one occasion at the premises in February 1952 and she remonstrated with the defendant and told him not to bring women to his apartment while his wife was away.

"The Commonwealth in rebuttal called Garry Seibert, the father of the prosecutrix, who testified that he knew the defendant for twelve years, that he saw the defendant with his daughter at their home at 2652 Deacon Street on occasions in 1952".

Appellant's principal contention is that the evidence was "so unreasonable, improbable and inconsistent that it would be unsafe to rest a conviction thereon". We have carefully reviewed the original record. Although the testimony was conflicting, the Commonwealth established all the elements of the crime charged and the evidence was amply sufficient to warrant its submission to the jury. This was done in a fair and impartial charge to which no exception was taken, and concerning which there is no complaint on this appeal. The pivotal issue was the question of credibility, which was properly a matter for the jury to determine: *Commonwealth v. Smith*, 177 Pa. Superior Ct. 403, 111 A. 2d 151; *Commonwealth v. Rose*, 179 Pa. Superior Ct. 531, 117 A. 2d 797; *Commonwealth v. Fisher*, 187 Pa. Superior Ct. 436, 144 A. 2d 483.

Appellant also contends that there was prejudicial error in the refusal of the trial judge to permit cross-examination (1) of the prosecutrix relative to her application for mother's assistance for the purpose of

showing "that the impetus to file this complaint came from her desire to be successful in accomplishing receiving assistance, as against making a complaint of her own volition"; (2) of the prosecutrix relative to "the circumstances of her first trip to the place where all of the sex relationships took place"; and (3) of Garry Seibert, father of the prosecutrix, relative to "the occasion of his first meeting the defendant". The limitation of cross-examination is largely within the discretion of the trial court: *Commonwealth v. Woods,* 366 Pa. 618, 79 A. 2d 408; *Commonwealth v. Salerno,* 179 Pa. Superior Ct. 13, 116 A. 2d 87. A trial judge is necessarily vested with broad powers to control the course of a trial, and his determination that cross-examination should be limited will not be disturbed on appeal unless the exercise of his discretion in that regard results in apparent injury: *Commonwealth v. Fine,* 166 Pa. Superior Ct. 109, 70 A. 2d 677. Appellant has not shown any abuse of discretion in the instant case.

Appeal quashed.