Commonwealth *v.* Foust, Appellant.

254

Argued November 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

R. H. Buchman, for appellant.

Edward B. Doran, Assistant District Attorney, and Richard E. McCormick, District Attorney, for Commonwealth, appellee, submitted a brief.

OPINION BY WRIGHT, J., December 14, 1960:

Gilbert P. Foust was indicted and convicted in the Court of Quarter Sessions of Westmoreland County on a charge of wilful neglect to support a child born out of lawful wedlock. Section 732 of The Penal Code of June 24, 1939, P. L. 872, 18 P.S. §4732. He filed motions for a new trial and in arrest of judgment. These motions were denied by the court en banc, and sentence was imposed. This appeal followed.

Appellant first contends that the indictment should have been quashed because it did not recite the date of the intercourse causing conception. There is no merit in this contention. The misdemeanor proscribed by the statute is not fornication and bastardy, but a separate and distinct offense: Commonwealth v. Bertram, 143 Pa. Superior Ct. 1, 16 A. 2d 758. Furthermore, the motion to quash the indictment was not made

until the conclusion of the testimony. Section 11 of the Act of March 31, 1860, P. L. 427, 19 P.S. 431, provides that objections to formal defects in indictments must be made before the jury is sworn. Upon entering his plea, appellant waived any formal defect in the indictment: *Commonwealth v. Heintz*, 182 Pa. Superior Ct. 331, 126 A. 2d 498. And see *Commonwealth v. Lingle*, 120 Pa. Superior Ct. 434, 182 A. 802.

Appellant's second contention relates to the sufficiency of the evidence. We have carefully examined this original record. It discloses that, on October 9, 1957, Alice Belak, the prosecutrix, previously married and divorced, gave birth out of wedlock to a female child. Appellant admitted at the trial that he and Alice "went pretty steady", that they frequently had intercourse, that he had asked Alice to marry him, that he paid $225.00 toward the lying-in expense, that the child resembled him, and that he offered to support it. The prosecutrix testified that she had not had intercourse with anyone else. While the prosecutrix was below average intelligence, we are not in accord with appellant's argument that her testimony was too "vague". Her credibility was for the jurors. The controlling issues were submitted to them in an impartial charge, concerning which no complaint is made. We all agree with President Judge O'CONNELL that the verdict was fully warranted by the evidence and should not be disturbed. Cf. *Commonwealth v. Cobb*, 190 Pa. Superior Ct. 648, 155 A. 2d 468.

Appellant's third and final contention is that the trial judge erred in permitting the district attorney to ask the prosecutrix to read from the information the date of the child's birth, and to offer the information in evidence. This question was apparently not raised in the court below. See *Commonwealth v. Mays*, 182 Pa. Superior Ct. 130, 126 A. 2d 530. In any event, appellant made no issue of the date of birth. It is set

256

forth in the indictment, and was independently established by the testimony of a sister of the prosecutrix. We perceive no error which would require the grant of a new trial.

Judgment affirmed.